ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 1 2015

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PHILLIP TURNER                    §
         Plaintiff,               §
                                  §
V.                                §
                                  §   CIVIL ACTION NO. 4:15-CV-824-A
                                  §
LIEUTENANT DRIVER, OFFICER        §
GRINALDS, Badge 3825, OFFICER     §
DYESS, Badge 2586                 §
         Defendants               §

**DEFENDANT LIEUTENANT DRIVER'S MOTION TO DISMISS
PLAINTIFFS' ORIGINAL COMPLAINT
AND BRIEF IN SUPPORT THEREOF**

LUIS A. GALINDO
State Bar No. 07579600
luisgalindo-pllc@sbcglobal.net

600 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102
(817) 335-5722 (817) 877-3723 Fax

ATTORNEY FOR DEFENDANT
LIEUTENANT DRIVER

TO THE HONORABLE JUDGE OF SAID COURT:

Lieutenant Driver ("Driver"), defendant herein, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, asks this Court to dismiss all of Plaintiffs' claims against him. Defendant would respectfully show the Court the following:

## I.
## SUMMARY

Phillip Turner ("Turner"), plaintiff herein, has filed this suit against Driver and two other Fort Worth Police officers, Officer Grinalds ("Grinalds") and Officer Dyess (Dyess") alleging violations of his First, Fourth and Fourteenth Amendment rights under the United States Constitution and seeking declaratory judgment and damages pursuant to 42 U.S.C. §§ 1983 and 1988. Driver would show the court that he enjoys qualified immunity and Plaintiffs' pleadings fail to allege facts sufficient to state a claim against him. Accordingly, Driver moves to dismiss all claims brought against him pursuant to Fed. R. Civ. P. 12(b)(6).

## II.
## BACKGROUND

Plaintiff alleges that on September 1, 2015 Lieutenant Driver, while acting in the course and scope of his employment performing his duties as a Fort Worth police officer, "after arriving on the scene, instead of immediately releasing Mr. Turner, continued the unlawful detention, seizure and arrest in public view in broad daylight without reasonable suspicion to believe that Mr. Turner had engaged in, was engaged in, or was about to engage in any criminal conduct without probable cause, without a warrant, without consent, and without exigent circumstances." Pl. Compl. Par. 55c. (Doc.1 at 9).

The only factual allegations made by Plaintiff concerning any actions taken by or involving Lieutenant Driver are that:

1. "Another police officer came to the open window and identified himself as Lt. Driver and said he was the commander." Pl. Compl. Par. 33. (Doc.1 at 6)

2. "Lt. Driver started asking Mr. Turner what he was doing and Mr. Turner told him that he was taking pictures from the sidewalk across the street." Pl. Compl. Par. 34. (Doc.1 at 6)

3. "Lt. Driver asked Mr. Turner if he had any ID on him and Mr. Turner said that he did not have to ID himself because he had not been lawfully arrested and that he chose not to freely give his information." Pl. Compl. Par. 35. (Doc.1 at 6)

4. "Lt. Driver replied to Mr. Turner, 'You're right.'" Pl. Compl. Par. 36. (Doc.1 at 6)

5. "Mr. Turner asked him why they were treating him like a criminal and said, 'You guys need to let me go because I haven't done anything wrong.'" Pl. Compl. Par. 37. (Doc.1 at 6)

6. "Although Mr. Turner had taken no aggressive actions whatsoever and was only videotaping and with no objectively factual basis for believing that Mr. Turner was involved in any criminal activity and no basis for believing that Mr. Turner would take any actions whatsoever to harm Lt. Driver and other officers or anyone else, instead of replying to Mr. Turner's question, Lt. Driver walked away and began talking with the other officers and was also talking on the phone." Pl. Compl. Par. 38. (Doc.1 at 6-7)

7. "All three officers then came back to where Mr. Turner was sitting in the car, opened the door of the car, took Mr. Turner out of the car, and Lt. Driver started lecturing Mr. Turner." Pl. Compl. Par. 39. (Doc.1 at 7)

8. "Mr. Turner asked if he could get his property back and Lt. Driver told him not until they were finished talking to him." Pl. Compl. Par. 40. (Doc.1 at 7)

9. "Lt. Driver was saying things which appeared to be an attempt to justify his officer's actions and he said the next time Mr. Turner stepped foot on their property he would be arrested for trespassing, even though Mr. Turner was not on the property of the station at the time of his filming, detention, and handcuffing, and the patrol car

Mr. Turner was put into was parked on the street, not the parking lot of the police station." Pl. Compl. Par. 41. (Doc.1 at 7)

10. "Finally, the officers released Mr. Turner and gave him his camera back, even though he never produced his ID." Pl. Compl. Par. 42. (Doc.1 at 7).

In short, the only factual allegations made by Plaintiff concerning Lieutenant Driver's actions are that he arrived at the scene, talked to Plaintiff, talked to the officers on the scene and then Plaintiff was released. Plaintiffs' pleadings fail to allege facts sufficient to state a claim against Lieutenant Driver. Accordingly, Driver moves to dismiss all claims brought against him pursuant to Fed. R. Civ. P. 12(b)(6).

## III.
## ARGUMENT AND AUTHORITIES

### A. Dismissal Pursuant To Fed. R. Civ. P. 12(b)(6)

Lieutenant Driver moves for dismissal of all claims brought against him by Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6) as set forth below. Dismissal is appropriate if plaintiff's pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). The allegations must be factual in nature. Twombly, 550 U.S. at 555 ( holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." <u>Iqbal</u>, 129 S.Ct. at 1949.  To avoid dismissal, "plaintiff must plead specific

facts, not mere conclusory allegations." <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 281 (5th Cir.

1992); <u>Watson v. State Farm Lloyds</u>, 56 F.Supp.2d 734, 736 (N.D. Tex. 1999).  "Conclusory

allegations and unwarranted deductions of fact are not admitted as true." <u>Associated Builders, Inc. v.

Alabama Power Company</u>, 505 F.2d 97, 100 (5th Cir. 1974).

   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129

S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

'show[n]'-'that the pleader is entitled to relief.'" <u>Id.</u>

### 1.. <u>Claims under 42 U.S.C. § 1983 should be dismissed</u>

   As the sole basis for  his claim against Lieutenant Driver pursuant to 42 U.S.C. § 1983

Plaintiff asserts that "after arriving on the scene, [Lieutenant Driver] instead of *immediately releasing*

Mr. Turner, continued the unlawful detention, seizure and arrest in public view in broad daylight

without reasonable suspicion to believe that Mr. Turner had engaged in, was engaged in, or was

about to engage in any criminal conduct without probable cause, without a warrant, without consent,

and without exigent circumstances." Pl. Compl. Par. 55c. (Doc.1 at 9) [emphasis added].

   Plaintiff admits that when Lieutenant Driver arrived on the scene, Plaintiff had already been

handcuffed and placed in the back seat of a patrol car. Pl. Compl. Par. 33 (Doc. 1 at 6).  Plaintiff

further alleges that after arriving on the scene Lieutenant Driver spoke to Plaintiff, and to the other

officers on the scene. Pl. Compl. Par. 33-38 (Doc. 1 at 6-7).  Plaintiff was then released. Pl. Compl.

Par. 39-42 (Doc. 1 at 7).

"Under *section 1983*, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur Cnty., 245 F.3d 447, 459 (5th Cir. 2001)* citing *Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).* The only action Plaintiff complains about that was taken by Lieutenant Driver is that he did not *immediately* release Plaintiff after Lieutenant Driver arrived on the scene. Plaintiff does not even offer any suggestion as to how Lieutenant Driver was supposed to know what had transpired at the scene at which he had just arrived without first talking to Plaintiff and the officers on the scene who had detained Plaintiff. Moreover, nothing in the facts alleged by Plaintiff demonstrate that Lieutenant Driver's actions were in any way unreasonable given that he was not present during any of the events that led up to when he first arrived on the scene and therefore, he had to investigate what had happened by talking to those individuals who were present. Defying all common sense and logic, Plaintiff nonetheless alleges that Lieutenant Driver violated his rights because Lieutenant Driver did not *immediately* release him when he arrived on the scene.

It is beyond dispute that an officer may temporarily detain a person for an investigation without probable cause to arrest if the officer has reasonable suspicion supported by articulable facts that criminal activity may be afoot. Such determination does not violate the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 21 (1968), United States v. Sokolow, 490 U.S. 1, 7 (1989).

What Lieutenant Driver encountered when he arrive on the scene was Plaintiff handcuffed and sitting in the back of a patrol car. Lieutenant Driver inquired the circumstances for Plaintiff's detention and Plaintiff was then released. The Supreme Court has stated that there is no rigid time limit on the duration of an investigatory detention. U.S. v. Sharp, 470 U.S. 675, 685 (1985). When considering whether a period of time is excessive, the Courts consider the law enforcement purposes to be served by the stop, as well as the time reasonably needed to effectuate those purposes. U.S. v.

Maltais, 403 F.3d 550 (8th Cir. 2005).  In Maltais, the Court held that detaining a suspect for two

hours and 55 minutes in the back of a patrol car while waiting for a drug dog to arrive was not such a

long duration as to be unreasonable and constitute an arrest without probable cause.

In the present case, by Plaintiff's own account of the facts, it is apparent that he was released

within minutes of when Lieutenant Driver arrived on the scene.  The time that it took Lieutenant

Driver to talk to Plaintiff and the other officers before Plaintiff was released was certainly reasonable

to effectuate the purpose of investigating the facts related to Plaintiff's detention.  Thus, Plaintiff has

wholly failed to allege any facts that state a claim against Lieutenant Driver for any violation of

Plaintiffs rights under the First, Fourth or Fourteenth Amendments and pursuant to 42 U.S.C. § 1983.

### 2. Lieutenant Driver is entitled to qualified immunity

Plaintiffs allege that Lieutenant Driver is sued in his individual capacity and that at all

relevant times, Lieutenant Driver was employed by the City of Fort Worth as a police officer. Pl

Compl. Par. 4 (Doc.1 at 2). Public officials sued in their individual capacities are presumed to

enjoy qualified immunity, which is immunity from the lawsuit itself, not merely from liability,

and the issue, therefore, should be decided as early in the litigation as possible.  Hunter v. Bryant,

502 U.S. 224, 227 (1991).  Qualified immunity is the rule, not the exception.  Houston v. Tucker,

137 F.Supp.2d 1326, 1334 (N.D. Ga. 2000) (citing Lassiter v. Alabama A & M Univ., 28 F.3d

1146, 1149 (11th Cir. 1994)); see also Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir.

1994) (stating the converse: "Abrogation of qualified immunity is properly the exception, not the

rule.")

Analysis of qualified immunity claims involves the determination as to whether the

Plaintiff alleged a violation of a clearly established constitutional right, and, if so, whether, at the

time of the alleged violation the right was so clearly established a reasonable official in the

defendant's situation would have understood that his conduct violated the right, and finally, the determination of whether the Defendant's conduct was objectively reasonable. Pearson v. Callahan, 129 S.Ct. 808, 821, 172 L.Ed.2d 565 (2009) (overruling Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997); Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993).

"Once a government official acting with discretionary authority raises qualified immunity as a defense, the burden shifts to the plaintiff to rebut the qualified immunity defense." Waltman v. Payne, 535 F.3d 342,346 (5th Cir. 2008) citing Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004). "Thus, to rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." Waltman 535 F.3d 342, 346 (5th Cir. 2008) citing Hare v. City of Corinth, Miss., 135 F.3d 320, 325 (5th Cir. 1998). Which of the two prongs of the qualified immunity analysis should be addressed first is left to the discretion of the court in light of the circumstances in the case. Pearson v. Callahan, 129 S.Ct. 808, 818.

The key touchstone of the qualified immunity analysis is the "objective legal reasonableness" of the public official's conduct. Anderson v. Creighton, 483 U.S. 635, 637-41, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987). Qualified immunity is designed to shield from civil liability "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

"Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from

harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Callahan, 129 S.Ct. 808, 815.

Lieutenant Driver enjoys qualified immunity and as detailed above, Plaintiff's pleadings fail to allege facts sufficient to state violation of a clearly established constitutional right to overcome this immunity and at all relevant times, Lieutenant Driver's actions were objectively reasonable. Accordingly, Lieutenant Driver moves to dismiss all claims brought against him.

3. **Plaintiff is not entitled to declaratory relief**

Lieutenant Driver moves to dismiss Plaintiff's request for declaratory judgment. For the reasons as set forth above, Lieutenant Driver did not violate any of Plaintiff's Constitutional rights, and Plaintiff is not entitled to "declaratory judgment declaring that [Lieutenant Driver] violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure."

## IV.

## CONCLUSION

For the foregoing reasons, Lieutenant Driver prays that this motion be granted and that all claims asserted herein against him be dismissed with prejudice. Lieutenant Driver prays for alternative relief as set forth above. Lieutenant Driver prays for general relief.

Respectfully submitted:

LUIS A. GALINDO
State Bar No. 07579600

luisgalindo-pllc@sbcglobal.net

600 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102
(817) 335-5722 (817) 877-3723 Fax
ATTORNEY FOR DEFENDANT
LIEUTENANT DRIVER

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of December 2015 the foregoing document was filed with the clerk of the court for the United States District Court, Northern District of Texas. My signature below certifies that a true and correct copy of the foregoing instrument was served on all counsel of record as indicated below on this the 21st day of December 2015.

| | | |
|---|---|---|
| Kervyn B. Altaffer, Jr. | D. Lee Thomas, Jr. | Ken East |
| Law Office of Kervyn B. Altaffer | 507 W. Central Avenue | Foster & East |
| 4054 McKinney Ave. Ste 310 | Fort Worth, Texas 76164 | 9001 Airport Freeway, Suite 675 |
| Dallas, Texas 75202 | dlthom31@yahoo.com | North Richland Hills, Texas 76164 |
| (kervyn@altafferlaw.com | | ken1@airmail.net |

Luis A. Galindo