ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
DEC 21 2015
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| PHILLIP TURNER<br>    Plaintiff,<br>V.<br><br>LIEUTENANT DRIVER, OFFICER<br>GRINALDS, Badge 3825, OFFICER<br>DYESS, Badge 2586<br>    Defendants | § § § § § § § § | CIVIL ACTION NO. 4:15-CV-824-A |

**DEFENDANT LIEUTENANT DRIVER'S MOTION TO STAY
DISCOVERY BASED ON QUALIFIED IMMUNITY
AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

**I.
SUMMARY**

Lieutenant Driver is seeking a ruling on his claim to qualified immunity in his Motion to Dismiss which has been filed concurrently with this motion. Lieutenant Driver moves the Court to stay discovery pending resolution of his immunity defenses. Backe v. LeBlanc, 691 F.3d 645 (5th Cir. 2012).

**II.
ARGUMENT AND AUTHORITIES**

"One of the most salient benefits of qualified immunity is protection from pretrial discovery . . . ." Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012). Because the defense of qualified immunity shields governmental officials from the lawsuit itself, the immunity issue "should be resolved at the earliest possible stage of a litigation." Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987). To facilitate this process, the Fifth Circuit has determined that the plaintiff should be required to state her claims with "factual detail and particularity." Schultea v.

Wood, 47 F.3d 1427, 1429-30 (5th Cir. 1995).  Because Lieutenant Driver has been sued individually and has properly invoked his entitlement to qualified immunity, he should not be burdened with answering and otherwise monitoring extensive discovery until his immunity claim can be fully presented for review.  Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982) (holding that qualified immunity shields public officials from the lawsuit itself, including "the costs of trial [and] . . . the burdens of broad-reaching discovery."); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("even such pretrial matters as discovery are to be avoided if possible"); Brown v. Texas A & M Univ., 804 F.2d 327, 333 (5th Cir. 1986) ("the issue of qualified immunity is a threshold question, and '[u]ntil this threshold immunity question is resolved, discovery should not be allowed'").

This right to be free from the burdens of discovery includes the right to have all discovery as to all parties stayed pending resolution of the qualified immunity question.  "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants." See Ashcroft v. Iqbal, 556 U.S. 662, 685-86 (2009).  Otherwise, it "is is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [these defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." Id. Even if these defendants were "not yet themselves subject to discovery orders," if discovery proceeded as to other parties, these defendants would nonetheless "not be free from the burdens of discovery." Id.

Accordingly, Lieutenant Driver requests that all discovery in this case, including Rule 26(a) disclosures, be stayed until such time as he has had an opportunity fully to present his entitlement to immunity through the filing if a motion for summary judgment on the issue.

Respectfully submitted:

*/s/ Luis A. Galindo*

LUIS A. GALINDO
State Bar No. 07579600
luisgalindo-pllc@sbcglobal.net

600 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102
(817) 335-5722 (817) 877-3723 Fax
ATTORNEY FOR DEFENDANT
LIEUTENANT DRIVER

## CERTIFICATE OF CONFERENCE

On December 21, 2015, the undersigned conferred with counsel for Plaintiff regarding the foregoing motion. Plaintiff does **not oppose** to the relief requested in this motion.

Luis A. Galindo

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of December 2015 the foregoing document was filed with the clerk of the court for the United States District Court, Northern District of Texas. My signature below certifies that a true and correct copy of the foregoing instrument was served on all counsel of record as indicated below on this the 21st day of December 2015.

| | | |
|---|---|---|
| Kervyn B. Altaffer, Jr. | D. Lee Thomas, Jr. | Ken East |
| Law Office of Kervyn B. Altaffer | 507 W. Central Avenue | Foster & East |
| 4054 McKinney Ave. Ste 310 | Fort Worth, Texas 76164 | 9001 Airport Freeway, Suite 675 |
| Dallas, Texas 75202 | dlthom31@yahoo.com | North Richland Hills, Texas 76164 |
| (kervyn@altafferlaw.com | | ken1@airmail.net |

Luis A. Galindo