IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILLIP TURNER<br>    Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 4:15-CV-824-A |
| LIEUTENANT DRIVER, OFFICER<br>GRINALDS, Badge 3825, OFFICER<br>DYESS, Badge 2586<br>    Defendants | § § § § | |

# DEFENDANT LIEUTENANT DRIVER'S MOTION TO DISMISS
# PLAINTIFF'S FIRST AMENDED COMPLAINT
# AND BRIEF IN SUPPORT THEREOF

LUIS A. GALINDO
State Bar No. 07579600
luisgalindo-pllc@sbcglobal.net

600 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102
(817) 335-5722  (817) 877-3723 Fax

ATTORNEY FOR DEFENDANT
LIEUTENANT DRIVER

TO THE HONORABLE JUDGE OF SAID COURT:

Lieutenant Driver ("Lt. Driver"), defendant herein, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, asks this Court to dismiss all of Plaintiffs' claims against him. Defendant would respectfully show the Court the following:

## I.
## SUMMARY

Phillip Turner ("Turner"), plaintiff herein, has filed this suit against the City of Fort Worth, Lt. Driver and two other Fort Worth Police officers, Officer Grinalds ("Grinalds") and Officer Dyess (Dyess") alleging violations of his First, Fourth and Fourteenth Amendment rights under the United States Constitution and seeking declaratory judgment and damages pursuant to 42 U.S.C. §§ 1983 and 1988. Lt. Driver would show the Court that Plaintiff's complaint fails to allege facts sufficient to state a claim against him and that he enjoys qualified immunity. Accordingly, Lt. Driver moves to dismiss all claims brought against him in Plaintiff's First Amended Complaint (Doc. 15) pursuant to Fed. R. Civ. P. 12(b)(6).

## II.
## BACKGROUND

Plaintiff alleges that on September 1, 2015, Lt. Driver, while acting in the course and scope of his employment performing his duties as a Fort Worth police officer, "after arriving on the scene, instead of immediately releasing Mr. Turner, continued the unlawful detention, seizure and arrest in public view in broad daylight without reasonable suspicion to believe that Mr. Turner had engaged in, was engaged in, or was about to engage in any criminal conduct without probable cause, without a warrant, without consent, and without exigent circumstances." Pl. Amend. Compl. Par. 63c.

(Doc.15 at 9). Plaintiff also asserts as a basis for his claim that Lt. Driver issued Mr. Turner a "criminal trespass warning" which "was an illegal chilling of his First Amendment rights."

The only factual allegations contained in Plaintiff's complaint concerning any actions taken by or involving Lt. Driver are that:

1. "Mr. Turner saw Lt. Driver come out and talk to the other Defendant Officers." Pl. Amend. Compl. Par. 40. (Doc.15 at 6).

2. "Lt. Driver came to the open window and identified himself and said he was the commander." Pl. Amend. Compl. Par. 41. (Doc.15 at 6).

3. "Lt. Driver started asking Mr. Turner what he was doing and Mr. Turner told him that he was taking pictures from the sidewalk across the street." Pl. Amend. Compl. Par. 42. (Doc.15 at 6).

4. "Lt. Driver asked Mr. Turner if he had any ID on him and Mr. Turner said that he did not have to ID himself because he had not been lawfully arrested and that he chose not to freely give his information. Lt. Driver replied to Mr. Turner, 'You're right'" Pl. Amend. Compl. Par. 43. (Doc.15 at 6-7).

5. "Lt Driver left Mr. Turner in the back seat and of the car and went back and talked with the other Defendant officers some more." Pl. Amend. Compl. Par. 44. (Doc.15 at 7).

6. "Lt. Driver came back and talked to Mr. Turner some more." Pl. Amend. Compl. Par. 45. (Doc.15 at 7).

7. "Mr. Turner asked him why they were treating him like a criminal and said, 'You guys need to let me go because I haven't done anything wrong.'" Pl. Amend. Compl. Par. 46. (Doc.15 at 7).

8. "Instead of replying to Mr. Turner's question, Lt. Driver walked away and began talking with the other officers and was also talking on the phone." Pl. Amend. Compl. Par. 47. (Doc.15 at 7).

9. "All three officers then came back to where Mr. Turner was sitting in the car, opened the door of the car, took Mr. Turner out of the car, and Lt. Driver started lecturing Mr. Turner." Pl. Amend. Compl. Par. 48. (Doc.15 at 7).

10. "Mr. Turner asked if he could get his property back and Lt. Driver told him not until they were finished talking to him Pl. Amend. Compl. Par. 49. (Doc.15 at 7).

11. "Lt. Driver was saying things which appeared to be an attempt to justify his officer's actions." Pl. Amend. Compl. Par. 50. (Doc.15 at 7).

12. "Finally, the officers released Mr. Turner and gave him his camera back, even though he never produced his ID." Pl. Amend. Compl. Par. 51. (Doc.15 at 7).

13. "Lt. Driver said the next time Mr. Turner stepped foot on their property he would be arrested for trespassing, even though Mr. Turner was not on the property of the station at the time of his filming, detention, and handcuffing, and the patrol car Mr. Turner was put into was parked on the street, not the parking lot of the police station." Pl. Amend. Compl. Par. 52. (Doc.15 at 7).

In short, the only factual allegations contained in Plaintiff's complaint concerning Lt. Driver's actions are that he arrived at the scene, talked to Plaintiff, talked to the officers on the scene and then Plaintiff was released. Plaintiff's complaint wholly fails to allege facts sufficient to state a claim against Lt. Driver. Accordingly, Lt. Driver moves to dismiss all claims brought against him pursuant to Fed. R. Civ. P. 12(b)(6).

### III.
### ARGUMENT AND AUTHORITIES

#### A. Dismissal Pursuant To Fed. R. Civ. P. 12(b)(6)

Lt. Driver moves for dismissal of all claims brought against him by Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6) as set forth below. Dismissal is appropriate if plaintiff's pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d

929). The allegations must be factual in nature. Twombly, 550 U.S. at 555 ( holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. To avoid dismissal, "plaintiff must plead specific facts, not mere conclusory allegations." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992); Watson v. State Farm Lloyds, 56 F.Supp.2d 734, 736 (N.D. Tex. 1999). "Conclusory allegations and unwarranted deductions of fact are not admitted as true." Associated Builders, Inc. v. Alabama Power Company, 505 F.2d 97, 100 (5th Cir. 1974).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id.

### 1.. Claims under 42 U.S.C. § 1983 should be dismissed

The sole bases Plaintiff asserts for his claims against Lt. Driver pursuant to 42 U.S.C. § 1983 are that "after arriving on the scene,[Lt. Driver] instead of *immediately releasing* Mr. Turner, continued the unlawful detention, seizure and arrest in public view in broad daylight without reasonable suspicion to believe that Mr. Turner had engaged in, was engaged in, or was about to engage in any criminal conduct without probable cause, without a warrant, without consent, and without exigent circumstances." Pl. Amend. Compl. Par. 63c. (Doc.15 at 9). [emphasis added].

Inexplicably, Plaintiff also asserts that Lt. Driver issued Mr. Turner a "criminal trespass warning" which "was an illegal chilling of his First Amendment rights." Here, Plaintiff's complaint clearly states that "Lt. Driver said the next time Mr. Turner stepped foot on *their* property he would be arrested for trespassing." Pl. Amend. Compl. Par. 52. (Doc.15 at 7). [emphasis added]. Nothing in what Lt. Driver allegedly said, as stated in Plaintiff's complaint, prohibited Plaintiff from being across the street on a public sidewalk and exercising his "First Amendment rights" as he alleges he was doing.

Plaintiff admits that when Lt. Driver arrived on the scene, Plaintiff had already been handcuffed and placed in the back seat of a patrol car. Pl. Amend. Compl. Par. 38. (Doc.15 at 6). Plaintiff further alleges that after arriving on the scene Lt. Driver spoke to Plaintiff, and to the other officers on the scene. Pl. Amend. Compl. Par. 40-47. (Doc.15 at 6-7). Plaintiff was then released. Pl. Amend. Compl. Par. 51. (Doc. 15 at 7).

"Under *section 1983*, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur Cnty., 245 F.3d 447, 459 (5th Cir. 2001) citing Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). The only action that Plaintiff complains about is that Lt. Driver took did not *immediately* release Plaintiff after Lt. Driver arrived on the scene. Plaintiff does not even offer any suggestion as to how Lt. Driver was supposed to know what had transpired at the scene at which he had just arrived without first talking to Plaintiff and the officers on the scene who had detained Plaintiff. Moreover, nothing in the facts alleged by Plaintiff demonstrate that Lt. Driver's actions were, in any way, unreasonable given that he was not present during any of the events that led up to when he first arrived on the scene and therefore, he had to investigate what had happened by talking to those individuals who were present. Defying all

common sense and logic, Plaintiff nonetheless alleges that Lt. Driver violated his rights because he did not *immediately* release Plaintiff when he arrived on the scene.

It is beyond dispute that an officer may temporarily detain a person for an investigation without probable cause to arrest if the officer has reasonable suspicion supported by articulable facts that criminal activity may be afoot. Such determination does not violate the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 21 (1968), United States v. Sokolow, 490 U.S. 1, 7 (1989).

When Lt. Driver arrived on the scene, Plaintiff was handcuffed and sitting in the back of a patrol car. Lt. Driver inquired the circumstances for Plaintiff's detention and Plaintiff was then released. The Supreme Court has stated that there is no rigid time limit on the duration of an investigatory detention. U.S. v. Sharp, 470 U.S. 675, 685 (1985). When considering whether a period of time is excessive, the Courts consider the law enforcement purposes to be served by the stop, as well as the time reasonably needed to effectuate those purposes. U.S. v. Maltais, 403 F.3d 550 (8th Cir. 2005). In Maltais, the Court held that detaining a suspect for two hours and fifty-five minutes in the back of a patrol car while waiting for a drug dog to arrive, was not such a long duration as to be unreasonable and constitute an arrest without probable cause.

In the present case, by Plaintiff's own account of the facts, it is apparent that he was released within minutes of when Lt. Driver arrived on the scene. The time that it took Lt. Driver to talk to Plaintiff and the other officers before Plaintiff was released was certainly reasonable to effectuate the purpose of investigating the facts related to Plaintiff's detention. Thus, Plaintiff has wholly failed to allege any facts that state a claim against Lt. Driver for any violation of Plaintiffs rights under the First, Fourth or Fourteenth Amendments and pursuant to 42 U.S.C. § 1983.

### 2. Lieutenant Driver is entitled to qualified immunity

Plaintiff alleges that Lt. Driver is sued in his individual capacity and that at all relevant

times, Lt. Driver was employed by the City of Fort Worth as a police officer. Amend. Compl. Par. 5. (Doc. 15 at 2). Public officials sued in their individual capacities are presumed to enjoy qualified immunity, which is immunity from the lawsuit itself, not merely from liability, and the issue, therefore, should be decided as early in the litigation as possible. Hunter v. Bryant, 502 U.S. 224, 227 (1991). Qualified immunity is the rule, not the exception. Houston v. Tucker, 137 F.Supp.2d 1326, 1334 (N.D. Ga. 2000) (citing Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994)); see also Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994) (stating the converse: "Abrogation of qualified immunity is properly the exception, not the rule.")

Analysis of qualified immunity claims involves the determination as to whether the Plaintiff alleged a violation of a clearly established constitutional right, and, if so, whether, at the time of the alleged violation the right was so clearly established a reasonable official in the defendant's situation would have understood that his conduct violated the right, and finally, the determination of whether the Defendant's conduct was objectively reasonable. Pearson v. Callahan, 129 S.Ct. 808, 821, 172 L.Ed.2d 565 (2009) (overruling Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997); Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993).

"Once a government official acting with discretionary authority raises qualified immunity as a defense, the burden shifts to the plaintiff to rebut the qualified immunity defense." Waltman v. Payne, 535 F.3d 342,346 (5th Cir. 2008) citing Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004). "Thus, to rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." Waltman 535 F.3d

342, 346 (5th Cir. 2008) citing Hare v. City of Corinth, Miss., 135 F.3d 320, 325 (5th Cir. 1998). Which of the two prongs of the qualified immunity analysis should be addressed first is left to the discretion of the court in light of the circumstances in the case. Pearson v. Callahan, 129 S.Ct. 808, 818.

The key touchstone of the qualified immunity analysis is the "objective legal reasonableness" of the public official's conduct. Anderson v. Creighton, 483 U.S. 635, 637-41, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987). Qualified immunity is designed to shield from civil liability "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

"Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Callahan, 129 S.Ct. 808, 815.

Lt. Driver enjoys qualified immunity and as detailed above, Plaintiff's pleadings fail to allege facts sufficient to state violation of a clearly established constitutional right to overcome this immunity and at all relevant times, Lt. Driver actions were objectively reasonable. Accordingly, Lt. Driver moves to dismiss all claims brought against him.

### 3. Plaintiff is not entitled to declaratory relief

Lt. Driver moves to dismiss Plaintiff's request for declaratory judgment. For the reasons as set forth above, Lt. Driver did not violate any of Plaintiff's Constitutional rights, and Plaintiff

is not entitled to "declaratory judgment declaring that [Lt. Driver] violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure."

## IV.

## CONCLUSION

For the foregoing reasons, Lt. Driver prays that this motion be granted and that all claims asserted herein against him be dismissed with prejudice. Lt. Driver prays for alternative relief as set forth above. Lieutenant Driver prays for general relief.

Respectfully submitted,

LUIS A. GALINDO
State Bar No. 07579600
luisgalindo-pllc@sbcglobal.net

600 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102
(817) 335-5722 (817) 877-3723 Fax
ATTORNEY FOR DEFENDANT
LIEUTENANT DRIVER

CERTIFICATE OF SERVICE

This is to certify that on this 20th day of January 2016 the foregoing document was filed with the clerk of the court for the United States District Court, Northern District of Texas. My signature below certifies that a true and correct copy of the foregoing instrument was served on all counsel of record as indicated below on this the 20th day of January 2016.

| | | |
|---|---|---|
| Kervyn B. Altaffer, Jr. | D. Lee Thomas, Jr. | Ken East |
| Law Office of Kervyn B. Altaffer | 507 W. Central Avenue | Foster & East |
| 4054 McKinney Ave. Ste 310 | Fort Worth, Texas 76164 | 9001 Airport Freeway, Suite 675 |
| Dallas, Texas 75202 | dlthom31@yahoo.com | North Richland Hills, Texas 76164 |
| (kervyn@altafferlaw.com | | ken1@airmail.net |

_____
Luis A. Galindo