**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILLIP TURNER<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:15-CV-00824-A |
| LIEUTENANT DRIVER,<br>OFFICER GRINALDS, Badge 3825,<br>OFFICER DYESS, Badge 2586,<br>    Defendants. | §<br>§<br>§<br>§ | |

### DEFENDANT CITY OF FORT WORTH'S ANSWER TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Defendant City of Fort Worth (hereinafter "Defendant City"), and files this Answer to Plaintiff's First Amended Original Complaint, and would answer as follows:

### I.
### ANSWER

1. Defendant City admits this is a civil action for declaratory relief and damages. Defendant City denies the remaining averments contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2. Paragraph 2 of Plaintiff's First Amended Complaint is not the type of averment to be admitted or denied.

3. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 3 of Plaintiff's First Amended Complaint, and therefore, must deny.

4. Defendant City admits the averments contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant City admits the averments contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendant City admits the averments contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendant City admits the averments contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendant City denies any violation of Plaintiff's constitutional rights. The remaining averments contained in Paragraph 8 of Plaintiff's First Amended Complaint are not the type of averments to be admitted or denied.

9. Paragraph 9 of Plaintiff's First Amended Complaint is not the type of averment to be admitted or denied.

10. Defendant City is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 10 of Plaintiff's First Amended Complaint, and therefore, must deny.

11. Defendant City admits the averments contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant City is unable to admit or deny that Plaintiff's conduct was in accordance with the First Amendment, and therefore, must deny. Defendant City admits the remaining averments contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendant City is unable to admit or deny that Plaintiff was not violating any laws, acting suspiciously or furtively, and therefore, must deny. Defendant City admits the remaining averments contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant City admits that Fort Worth Police Department officers later determined that Plaintiff was not armed with a weapon as alleged in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant City is unable to admit or deny the averments contained in Paragraph 15 of Plaintiff's First Amended Complaint, and therefore, must deny.

16. Defendant City is unable to admit or deny the averments contained in Paragraph 16 of Plaintiff's First Amended Complaint, and therefore, must deny.

17. Defendant City is unable to admit or deny the averments contained in Paragraph 17 of Plaintiff's First Amended Complaint, and therefore, must deny.

18. Defendant City admits that to the extent Lieutenant Driver and Officer Grinalds and Dyess acted in accordance with the policies of the City of Fort Worth and federal and state laws, they were acting under the color of the statutes, ordinances, regulations, customs and usages of the City of Fort Worth. Defendant City denies

that any alleged unconstitutional conduct was done in accordance with the statutes, ordinances, regulations, customs or usages of the City of Fort Worth as alleged in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant City is without sufficient information or knowledge to admit or deny what Mr. Turner observed. Defendant City admits the remaining averments contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant City admits the averments contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendant City admits the averments contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. After reviewing the relevant video recording, Defendant City admits the averments contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendant City admits the averments contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant City admits the averments contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant City is unable to admit or deny what Officer Grinalds did or did not forget, and therefore, must deny. After reviewing the relevant video recording, Defendant City admits that the statements contained in Paragraph 25 of Plaintiff's First Amended Complaint can be attributed to Officer Grinalds and Plaintiff.

26. Defendant City admits that the statement contained in Paragraph 26 of Plaintiff's First Amended Complaint can be attributed to Plaintiff.

27. Defendant City admits the averments contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant City admits that Plaintiff asked officers about Texas Penal Code Section 38.02. Defendant City is unable to admit or deny whether Plaintiff asked the question in a polite or a sarcastic manner, and therefore, must deny the remaining averments contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendant City denies that Plaintiff did not take any actions to give the officers concern for possible bodily harm to themselves or anyone else. Defendant City admits the remaining averments contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant City admits the averments contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant City admits that Plaintiff was handcuffed. Defendant City denies the remaining averments contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant City admits that officers took Plaintiff's camera away from him to handcuff him. Defendant City is unable to admit or deny whether officers turned

Plaintiff's camera off, and therefore, must deny the remaining averments contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant City admits that the statement contained in Paragraph 33 of Plaintiff's First Amended Complaint can be attributed to Officer Grinalds.

34. Defendant City admits the averments contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendant City denies any allegation that Officer Grinalds intentionally gave a deceptive response. Defendant City admits the remaining averments contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant City is unable to admit or deny the averments contained in Paragraph 36 of Plaintiff's First Amended Complaint, and therefore, must deny.

37. Defendant City admits the averments contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant City admits that Plaintiff was placed in the back of a patrol car. Defendant City denies the remaining averments contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant City is unable to admit or deny the averments contained in Paragraph 39 of Plaintiff's First Amended Complaint, and therefore, must deny.

40. Defendant City admits that Lieutenant Driver came to speak with Officers Grinalds and Dyess. Defendant City denies the remaining averments contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendant City admits the averments contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendant City admits the averments contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendant City is without sufficient information to admit or deny the averments contained in Paragraph 43 of Plaintiff's First Amended Complaint, and therefore, must deny.

44. Defendant City admits the averments contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendant City admits the averments contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 46 of Plaintiff's First Amended Complaint, and therefore, must deny.

47. Defendant City admits that Lt. Driver spoke with the other officers at the scene. Defendant City is without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 48 of Plaintiff's First Amended Complaint, and therefore, must deny.

49. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 49 of Plaintiff's First Amended Complaint, and therefore, must deny.

50. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 50 of Plaintiff's First Amended Complaint, and therefore, must deny.

51. Defendant City admits the averments contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 52 of Plaintiff's First Amended Complaint, and therefore, must deny.

53. Defendant City admits that the officers did not apologize. Defendant City denies the remaining averments contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendant City admits the averments contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55. Defendant City denies the averments contained in Paragraph 55 of Plaintiff's First Amended Complaint.

56. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 56 of Plaintiff's First Amended Complaint, and therefore, must deny.

57. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 57 of Plaintiff's First Amended Complaint, and therefore, must deny.

58. To the extent that Defendant City has denied averments in the preceding paragraphs, they are denied herein in response to Paragraph 58 of Plaintiff's First Amended Complaint.

59. Defendant City is without sufficient information or knowledge to admit or deny that Plaintiff's activity was protected by the First Amendment, and therefore, must deny. Defendant City admits the remaining averments contained in Paragraph 59 of Plaintiff's First Amended Complaint.

60. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 60 of Plaintiff's First Amended Complaint, and therefore, must deny.

61. Defendant City is without sufficient information or knowledge to admit or deny the averments contained in Paragraph 61 of Plaintiff's First Amended Complaint, and therefore, must deny.

62. Defendant City denies the averments contained in Paragraph 62 of Plaintiff's First Amended Complaint.

63. Defendant City denies the averments contained in Paragraph 63 of Plaintiff's First Amended Complaint.

64. Defendant City denies the averments contained in Paragraph 64 of Plaintiff's First Amended Complaint.

65. Defendant City denies the averments contained in Paragraph 65 of Plaintiff's First Amended Complaint.

66. Defendant City denies any allegation that it violated Plaintiff's constitutional rights. Defendant City denies the remaining averments contained in Paragraph 66, letters a through c, of Plaintiff's First Amended Complaint.

67. Defendant City denies any allegation that it does not have policies in accordance with established law. Defendant City denies the existence of a custom, practice or policy in which officers fail to follow City policies or clearly established law. Defendant City denies any allegation that the City failed to formulate policies and procedures or failed to follow and enforce policies and procedures as alleged in Paragraph 67 of Plaintiff's First Amended Complaint.

68. Defendant City denies any allegation that officers cannot arrest for refusing to provide identification as allowed by federal and state law. Defendant City admits the remaining averments contained in Paragraph 68 of Plaintiff's First Amended Complaint.

69. Defendant City denies any allegation that the City failed to establish policies or procedures in line with established law, or that the City allowed a custom, policy, or practice to exist in which officers did not follow the policies or procedures as alleged in Paragraph 69 of Plaintiff's First Amended Complaint.

70. Defendant City denies any allegation that the City had, enforced, or continued to effectuate a policy, procedure or custom that caused a substantial likelihood that citizens would be subject to unlawful harassment, detention, seizure and arrest merely for exercising their First Amendment rights as alleged in Paragraph 70 of Plaintiff's First Amended Complaint.

71. Defendant City denies the averments contained in Paragraph 71, and letters a through e of Paragraph 71, of Plaintiff's First Amended Complaint.

72. Defendant City denies the averments contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendant City denies the averments contained in Paragraph 73 of Plaintiff's First Amended Complaint.

74. To the extent that Defendant City has denied averments in the preceding paragraphs, they are denied herein in response to Paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendant City admits the averments contained in Paragraph 75 of Plaintiff's First Amended Complaint.

76. Defendant City denies the averments contained in Paragraph 76 of Plaintiff's First Amended Complaint.

77. Defendant City is unable to admit or deny the averments contained in Paragraph 77 of Plaintiff's First Amended Complaint, and therefore, must deny.

78. Defendant City is unable to admit or deny the averments contained in Paragraph 78 of Plaintiff's First Amended Complaint, and therefore, must deny.

79. Defendant City admits the averments contained in Paragraph 79 of Plaintiff's First Amended Complaint.

80. Defendant City denies the averments contained in Paragraph 80 of Plaintiff's First Amended Complaint.

81. Defendant City denies the averments contained in Paragraph 81 of Plaintiff's First Amended Complaint.

82. Defendant City denies the averments contained in Paragraph 82 of Plaintiff's First Amended Complaint.

83. Defendant City denies the averments contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84. Defendant City denies the averments contained in Paragraph 84 of Plaintiff's First Amended Complaint.

85. To the extent that Defendant City has denied averments in the preceding paragraphs, they are denied herein in response to Paragraph 85 of Plaintiff's First Amended Complaint.

86. Defendant City denies the averments contained in Paragraph 86 of Plaintiff's First Amended Complaint.

87. Defendant City denies that Plaintiff is entitled to relief as alleged in Paragraph 87 of Plaintiff's First Amended Complaint.

88. Defendant City denies that Plaintiff is entitled to recover punitive damages as alleged in Paragraph 88 of Plaintiff's First Amended Complaint. Defendant City denies any allegation that it intentionally, willfully, or wantonly engaged in acts that completely ignored any of Plaintiff's clearly established statutory or constitutional rights. Defendant City denies the remaining averments contained in Paragraph 88 of Plaintiff's First Amended Complaint.

89. Defendant City denies that Plaintiff is entitled to relief as alleged in the averments contained in Paragraph 89 of Plaintiff's First Amended Complaint.

90. Defendant City denies that Plaintiff is entitled to recover attorney fees and costs as alleged in the averments contained in Paragraph 90 of Plaintiff's First Amended Complaint.

91. Defendant City denies that it violated Plaintiff's constitutional rights as alleged in the averments contained in Paragraph 91, letters a through g, of Plaintiff's First Amended Complaint. Defendant City denies that Plaintiff is entitled to a declaratory judgment, actual or compensatory damages, nominal damages, punitive damages, costs, expenses, counsel fees, or any other relief as alleged in the averments contained in Paragraph 91, letters a through g, of Plaintiff's First Amended Complaint.

## II.
## AFFIRMATIVE DEFENSES

92. Plaintiff's First Amended Complaint has failed to state a clam upon which relief may be granted.

93. Defendant City violated no duty owed to Plaintiff.

94. Without waiving any of the foregoing, to the extent that Plaintiff seeks exemplary damages under common law from the City, such damages are not allowed for under common law -- a municipality is immune from exemplary damages.

95. Without waiving any of the foregoing, Defendant City, a Texas home-rule municipality and governmental unit, specifically pleads, and states its intention to rely on the doctrine of governmental immunity in this matter and would show that the causes of action alleged against Defendant City are barred, in whole or in part, by the doctrine of governmental immunity.

96. The City is immune from liability and from paying attorney's fees under common law.

97. The City affirmatively pleads that it cannot be held vicariously liable as a matter of law for any negligent and/or grossly negligent acts of its police officers and/or employees.

98. Without waiving any of the foregoing, Defendant City, a Texas home-rule municipality, and a governmental unit, specifically pleads and incorporates herein by reference, the provisions of the TEX. CONST. art. 11, § 13, and the provisions

of the Texas Tort Claims Act. §101.001, *et. seq.* TEX. CIV. PRAC. & REM. CODE. Defendant City specifically states its intention to rely on such provision of the Constitution and to further rely on each and every provision of the Texas Tort Claims Act in this matter, including, but not limited to, each and every defense, notice requirement, time limit, maximum liability limit, exclusion from liability, and prerequisite to suit provided in such Act.

99. Defendant City affirmatively pleads that it cannot be held liable under the theory of *respondeat superior* for any of Plaintiff's federal law claims.

100. Without waiving any of the foregoing, Defendant City incorporates by reference and states its intention to rely on all provisions of Chapter 33 of the Texas Civil Practice and Remedies Code in this matter, and would specifically show that, in the unlikely event any party is awarded damages against Defendant City in this cause, any such award must be reduced in accordance with the provisions of such Chapter.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant City of Fort Worth prays that this proceeding be dismissed, that Plaintiff take nothing by his suit, and that Defendant City of Fort Worth be granted such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
Laetitia Coleman Brown
Senior Assistant City Attorney
State Bar No. 00792417
laetitia.brown@fortworthtexas.gov

Victoria D. Honey
Assistant City Attorney
State Bar No. 24073195
victoria.honey@fortworthtexas.gov

Office of the City Attorney
1000 Throckmorton Street
Fort Worth, Texas 76102-6311
817.392.7600
817.392.8359 Facsimile

*Attorneys for Defendant City of Fort Worth*

CITY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
*Phillip Turner v. Lieutenant Driver, et al.* (Civil Action 4-15-cv-00824-A)

Page 16 of 17

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was sent electronically or by another manner authorized by Fed.R.Civ.P.5(b)(2) as noted below, to the following parties on this the 4th day of February, 2016.

Kervyn B. Altaffer, Jr.
Law Office of Kervyn B. Altaffer Jr.
4054 McKinney Ave., Suite 310
Dallas, Texas 75204
kervyn@altafferlaw.com

Luis A. Galindo
600 Fort Worth Club Building
306 W 7th Street
Fort Worth, Texas 76102
Luisgalindo-pllc@sbcglobal.net

Kenneth E. East
Foster & East
9001 Airport Freeway, Suite 675
North Richland Hills, Texas 76180
Ken@fostereast.com

D. Lee Thomas, Jr.
Law Offices of D. Lee Thomas, Jr.
507 W. Central Avenue
Fort Worth, Texas 76164
dlthom31@yahoo.com

Victoria D. Honey