

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILLIP TURNER | § | |
|    Plaintiff, | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 4:15-CV-824-A |
| LIEUTENANT DRIVER, OFFICER | § | |
| GRINALDS, Badge 3825, OFFICER | § | |
| DYESS, Badge 2586 | § | |
|    Defendants | § | |

## DEFENDANT LIEUTENANT DRIVER'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

LUIS A. GALINDO
State Bar No. 07579600
luisgalindo-pllc@sbcglobal.net

600 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102
(817) 335-5722 (817) 877-3723 Fax

ATTORNEY FOR DEFENDANT
LIEUTENANT DRIVER

TO THE HONORABLE JUDGE OF SAID COURT:

Lieutenant Driver ("Lt. Driver"), defendant herein, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, asks this Court to dismiss all of Plaintiffs' claims against him. Defendant would respectfully show the Court the following:

## I.
## SUMMARY

Lt. Driver would show the Court that Plaintiff's complaint fails to allege facts sufficient to state a claim against him and that he enjoys qualified immunity. Accordingly, Lt. Driver moves to dismiss all claims brought against him in Plaintiff's First Amended Complaint (Doc. 15) pursuant to Fed. R. Civ. P. 12(b)(6).

## II.
## BACKGROUND

Plaintiff alleges that on September 1, 2015, Lt. Driver, while acting in the course and scope of his employment performing his duties as a Fort Worth police officer, "after arriving on the scene, instead of immediately releasing Mr. Turner, continued the unlawful detention, seizure and arrest in public view in broad daylight without reasonable suspicion to believe that Mr. Turner had engaged in, was engaged in, or was about to engage in any criminal conduct without probable cause, without a warrant, without consent, and without exigent circumstances." Pl. Amend. Compl. Par. 63c. (Doc.15 at 9). Plaintiff also asserts that Lt. Driver issued Mr. Turner a "criminal trespass warning" Pl. Amend. Compl. Par. 63d (Doc.15 at 9) and that all of these actions were "an illegal chilling of his First Amendment rights." Pl. Amend. Compl. Par. 63e. (Doc.15 at 9).

The factual allegations contained in Plaintiff's complaint concerning Lt. Driver's alleged actions clearly demonstrate that when Lt. Driver arrived on the scene, Plaintiff had already been

handcuffed and placed in the back seat of a patrol car. Pl. Amend. Compl. Par. 38. (Doc.15 at 6). Upon arriving on the scene, Lt. Driver investigated the circumstances by talking to Plaintiff, and with the officers on the scene. Plaintiff was then released. Notwithstanding the histrionics contained in Plaintiff's response, it remains that Plaintiff's complaint fails to allege facts sufficient to state a claim against Lt. Driver. Accordingly, Lt. Driver moves to dismiss all claims brought against him pursuant to Fed. R. Civ. P. 12(b)(6).

## III.
## ARGUMENT AND AUTHORITIES

### A. Dismissal Pursuant To Fed. R. Civ. P. 12(b)(6)

Lt. Driver moves for dismissal of all claims brought against him by Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6) as set forth below. Dismissal is appropriate if plaintiff's pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

#### 1.. Claims under 42 U.S.C. § 1983 should be dismissed

The only allegations in Plaintiff's complaint against Lt. Driver under 42 U.S.C. § 1983 are that "after arriving on the scene,[Lt. Driver] instead of *immediately releasing* Mr. Turner, continued the unlawful detention, seizure and arrest in public view in broad daylight without reasonable suspicion to believe that Mr. Turner had engaged in, was engaged in, or was about to engage in any criminal conduct without probable cause, without a warrant, without consent, and without exigent circumstances." Pl. Amend. Compl. Par. 63c. (Doc.15 at 9). [emphasis added].

Plaintiff also claims that Lt. Driver issued him a "criminal trespass warning." Pl. Amend. Compl. Par. 63d. (Doc.15 at 9). All of these actions Plaintiff claims were "an illegal chilling of his First Amendment rights." Pl. Amend. Compl. Par. 63e. (Doc.15 at 9).

Of course, Plaintiff refused to offer the Court any response to the question raised in Lt. Driver's motion to dismiss: How was Lt. Driver supposed to know what had transpired at the scene at which he had just arrived without first talking to Plaintiff and the officers on the scene?

Notwithstanding the rather obtuse position asserted by Plaintiff that he should have been "immediately released," it cannot be disputed that an officer may temporarily detain a person for an investigation without probable cause to arrest if the officer has reasonable suspicion supported by articulable facts that criminal activity may be afoot. Such determination does not violate the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 21 (1968), United States v. Sokolow, 490 U.S. 1, 7 (1989).

"Asking questions is an essential part of police investigations. In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment. '[I]nterrogation relating to one's identity or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure.' INS v. Delgado, 466 U.S. 210, 216, 80 L. Ed. 2d 247, 104 S. Ct. 1758 (1984) cited in Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177, 184 (2004).

Moreover, "[o]btaining a suspect's name in the course of a *Terry* stop serves important government interests. Knowledge of identity may inform an officer that a suspect is wanted for another offense, or has a record of violence or mental disorder. On the other hand, knowing identity may help clear a suspect and allow the police to concentrate their efforts elsewhere." Hiibel v. Sixth Judicial Dist. Court, 542 U.S. at 186.

The Supreme Court has stated that there is no rigid time limit on the duration of an investigatory detention. U.S. v. Sharp, 470 U.S. 675, 685 (1985). When considering whether a period of time is excessive, the Courts consider the law enforcement purposes to be served by the stop, as well as the time reasonably needed to effectuate those purposes. U.S. v. Maltais, 403 F.3d 550 (8th Cir. 2005).

When Lt. Driver arrived on the scene, Plaintiff was handcuffed and sitting in the back seat of a patrol car. Plaintiff does not dispute that "[u]nder *section 1983*, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur Cnty., 245 F.3d 447, 459 (5th Cir. 2001) citing Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Instead, Plaintiff simply complains that Lt. Driver did not "immediately" release him after Lt. Driver arrived on the scene.

Lt. Driver asked Plaintiff what he was doing and if he had any identification. Pl. Amend. Compl. Par. 42-43 (Doc. 15 at 6-7). Plaintiff states that he told Lt. Driver that he was taking pictures from across the street and that he did not have to identify himself. Pl. Amend. Compl. Par. 42-43 (Doc. 15 at 6-7). Lt. Driver then spoke to the other police officers and Plaintiff was released. Pl. Amend. Compl. Par. 44-51 (Doc. 15 at 7).

With regard to Lt. Driver lecturing and issuing Plaintiff a "criminal trespass warning" Plaintiff's complaint only states that: "Lt. Driver said the next time Mr. Turner stepped foot on *"their"* property he would be arrested for trespassing." Pl. Amend. Compl. Par. 52. (Doc.15 at 7). [emphasis added]. Nothing else is stated about the alleged "lecture" and nothing in what Lt. Driver is alleged to have stated could be reasonably understood to intend to chill Plaintiff from exercising his "First Amendment rights" on private property either "across the street" (which is where Plaintiff states he was standing) or wherever else he might choose. Pl. Amend. Compl. Par. 42 (Doc. 15 at 6).

By Plaintiff's own account of the facts, he was released shortly after Lt. Driver talked to Plaintiff and the other officers. This was certainly reasonable to effectuate the purpose of investigating the facts related to totality of the circumstances which Lt. Driver encountered-Plaintiff handcuffed in the back seat of a patrol car. Thus, Plaintiff has failed to allege any facts that state a

claim against Lt. Driver for any violation of Plaintiffs rights under the First, Fourth or Fourteenth Amendments and pursuant to 42 U.S.C. § 1983.

### 2. <u>Lieutenant Driver is entitled to qualified immunity</u>

Plaintiff alleges that Lt. Driver is sued in his individual capacity and that at all relevant times, Lt. Driver was employed by the City of Fort Worth as a police officer. Amend. Compl. Par. 5. (Doc. 15 at 2).

"Once a government official acting with discretionary authority raises qualified immunity as a defense, the burden shifts to the plaintiff to rebut the qualified immunity defense." <u>Waltman v. Payne</u>, 535 F.3d 342, 346 (5th Cir. 2008) citing <u>Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force</u>, 379 F.3d 293, 301 (5th Cir. 2004). "Thus, to rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." <u>Waltman</u> 535 F.3d 342, 346 (5th Cir. 2008) citing <u>Hare v. City of Corinth, Miss.</u>, 135 F.3d 320, 325 (5th Cir. 1998).

The key touchstone of the qualified immunity analysis is the "objective legal reasonableness" of the public official's conduct. <u>Anderson v. Creighton</u>, 483 U.S. 635, 637-41, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987). Qualified immunity is designed to shield from civil liability "all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

Nothing in the facts alleged by Plaintiff demonstrates that Lt. Driver's actions violated any clearly established right of the Plaintiff and that his actions were, in any way, objectively unreasonable. Lt. Driver was not present during any of the events that led up to when he first arrived on the scene and he found Plaintiff handcuffed in the back seat of a patrol car. He

therefore, had to investigate what had happened by talking to those individuals who were present.

Plaintiff's complaint fails to allege any facts to overcome Lt. Driver's qualified immunity because as detailed above, Plaintiff's pleadings fail to allege facts to state a violation of a clearly established constitutional right and at all relevant times, Lt. Driver's actions were objectively reasonable. Accordingly, Lt. Driver moves to dismiss all claims brought against him.

### 3. **Plaintiff is not entitled to declaratory relief**

Lt. Driver moves to dismiss Plaintiff's request for declaratory judgment. For the reasons as set forth above, Lt. Driver did not violate any of Plaintiff's Constitutional rights, and Plaintiff is not entitled to "declaratory judgment declaring that [Lt. Driver] violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure."

## IV.

## CONCLUSION

For the foregoing reasons, Lt. Driver prays that this motion be granted and that all claims asserted herein against him be dismissed with prejudice. Lt. Driver prays for alternative relief as set forth above. Lieutenant Driver prays for general relief.

Respectfully submitted:

LUIS A. GALINDO
State Bar No. 07579600
luisgalindo-pllc@sbcglobal.net

600 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102
(817) 335-5722  (817) 877-3723 Fax

ATTORNEY FOR DEFENDANT
LIEUTENANT DRIVER

CERTIFICATE OF SERVICE

This is to certify that on this 11th day of February 2016 the foregoing document was filed with the clerk of the court for the United States District Court, Northern District of Texas. My signature below certifies that a true and correct copy of the foregoing instrument was served on all counsel of record as indicated below on this the 20th day of January 2016.

| | | |
|---|---|---|
| Kervyn B. Altaffer, Jr. | D. Lee Thomas, Jr. | Ken East |
| Law Office of Kervyn B. Altaffer | 507 W. Central Avenue | Foster & East |
| 4054 McKinney Ave. Ste 310 | Fort Worth, Texas 76164 | 9001 Airport Freeway, Suite 675 |
| Dallas, Texas 75202 | dlthom31@yahoo.com | North Richland Hills, Texas 76164 |
| (kervyn@altafferlaw.com | | ken1@airmail.net |

Luis A. Galindo