ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHILLIP TURNER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 4:15-cv-824-A |
| | § | |
| LIEUTENANT DRIVER, | § | |
| OFFICER GRINALDS, Badge 3825, | § | |
| OFFICER DYESS, Badge 2586 | § | |

### DEFENDANT OFFICER DYESS' REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Officer Dyess, Defendant herein, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asks this Court to dismiss all of Plaintiff's claims against him. Defendant would respectfully show the court the following:

### I.
### SUMMARY

Officer Dyess would show that Plaintiff's First Amended Complaint fails to allege facts sufficient to state a claim against him, specially in light of the qualified immunity enjoyed by Officer Dyess in the course and scope of his duties as a Fort Worth Police Officer.

### II.
### BACKGROUND

Plaintiff alleges that Officer Dyess, while acting in the course and scope of his employment, unlawfully detained Plaintiff without a reasonable suspicion as to Plaintiff's engagement in any suspicious activity and lacked probable cause to believe Plaintiff was

engaging in any criminal activity. (Doc. 15, p. 9.)

Plaintiff's pleadings fail to show that Officer Dyess violated Plaintiff's constitutional rights and fails to point to a clearly established law to demonstrate that Officer Dyess violated any federally protected right. Officer Dyess should be entitled to qualified immunity from Plaintiff's claims.

### III.
### ARGUMENT AND AUTHORITIES

Notwithstanding the rather obtuse position asserted by Plaintiff that he should have been "immediately released", it cannot be disputed that an officer may temporarily detain a person for an investigation without probable cause to arrest if the officer has reasonable suspicion supported by articulable facts that criminal activity may be afoot. Such determination does not violate the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 21 (1968), United States v. Sokolow, 409 U.S. 1, 7 (1989).

"Asking questions is an essential part of police investigations. In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment. '[I]nterrogation relating to one's identity or a request for identification by the police does not, by itself, constituted a Fourth Amendment seizure.' INS v. Delgado, 466 U.S. 210, 216, 80 L.Ed.2d 247, 104 S.Ct. 1758 (1984) cited in Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177, 184 (2004).

Moreover, "[o]btaining a suspect's name in the course of a *Terry* stop serves important government interests. Knowledge of identity may inform an officer that a suspect is wanted for another offense, or has a record of violence or mental disorder. On the other hand, knowing

identity may help clear a suspect and allow the police to concentrate their efforts elsewhere." Hiibel v. Sixth Judicial Dist. Court, 542 U.S. at 186.

Plaintiff was detained for questioning but not arrested, nor was he charged with a crime. Because of events occurring prior to the event in question involving shooting of police officers and assaults on police facilities, it was reasonable for the Defendants to question Plaintiff about his activities in close proximity to a police facility while using a camera. Plaintiff's failure to cooperate or even identify himself caused additional concerns and led to Plaintiff being detained for additional investigation and consultation with a police supervisor. Under the totality of circumstances presented to the Defendants it is reasonable to have suspicions that criminal activity may have been occurring.

As the Fifth Circuit has stated, "the suspicion need not relate to a specific crime; it is sufficient to have a reasonable suspicion 'that criminal activity may be afoot'". United States v. Pack, 612 F.3d 341, 356 (5th Cir. 2010), opinion modified on denial of reh., 622 F.3d 383 (5th Cir. 2010). In fact, it appears that Plaintiff was in fact seeking to appear suspicious so that he would be investigated by police as demonstrated by his previous activities and legal actions against police officers under similar scenarios.

## CONCLUSION AND PRAYER

As set forth in Dyess' Motion to Dismiss and this Reply, Plaintiff's claims presented in this action against Dyess should be dismissed. Dyess further prays for all other relief to which he may be entitled.

Respectfully submitted,

D. Lee Thomas, Jr.
State Bar No. 19847500
507 West Central Avenue
Fort Worth, Texas 76164
(817) 625-8866
Fax: (817) 625-8950
dlthom31@yahoo.com

ATTORNEY FOR DEFENDANT
OFFICER DYESS, Badge 2586

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I served a copy of this document on the following parties or their counsel of record:

Kervyn B. Altaffer Jr.
Law Office of Kervyn B. Altaffer Jr.
4054 McKinney Ave., Suite 310
Dallas, Texas 75204
972-234-3633
Fax 972-947-3663
kervyn@altafferlaw.com

Luis A. Galindo
600 Fort Worth Club Building
306 West Seventh Street
Fort Worth, Texas 76102
817-335-5722
817-877-3723 (Fax)
luisgalindo-pllc@sbcglobal.net

Kenneth E. East
Foster & East
9001 Airport Freeway, Suite 675
North Richland Hills, Texas 76180
817-788-1111
817-485-2836 (Fax)
ken1@airmail.net

D. Lee Thomas, Jr.

**DEFENDANT OFFICER DYESS' REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT - Page 4**