ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

2016 FEB 17 AM 8:52

CLERK OF COURT

PHILLIP TURNER, et al.          §
    Plaintiffs,          §
                      §
v.          §          CIVIL ACTION NO. 4:15-cv-824-A
                      §
LIEUTENANT DRIVER, et al.,          §
    Defendants.          §

## DEFENDANT OFFICER GRINALDS'S
## REPLY BRIEF IN SUPPORT OF HIS
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Officer Grinalds, Badge 3825, files this his Reply Brief in Support of His Motion to Dismiss for Failure to State a Claim and would respectfully show the Court the following:

Introduction

Plaintiff appears intentionally to misconstrue and ignore Defendant Grinalds's actual arguments in his motion to dismiss. In his Response, Plaintiff instead makes strawman arguments quotes cases out of context, and relies on inapplicable authorities. For the reasons originally stated in his motion to dismiss, therefore, the Court should dismiss with prejudice all claims herein against Grinalds.

A general right to video police, though, not clearly established, is not the issue

Plaintiff first passionately argues that ordinary photography is not a crime, a mostly-irrelevant and largely uncontested proposition, but even that right is not clearly established in this circuit, certainly not under any circumstances remotely similar to the facts of this case. As Plaintiff admits in his complaint, here the officers were concerned with his suspicious activity outside of their secure

facility, and in furtherance of their investigation and reasonable suspicion of criminal activity, they wanted only to have a simple conversation with him about who he was and what he was doing. Even the unreported Magistrate Judge opinion submitted by Plaintiff recognizes that First Amendment rights are not absolute and that a plaintiff cannot successfully contend that his "First Amendment right acts as a shield that protects him from criminal liability" [or the investigation of criminal activity]. Pl. Resp., Ex. A at 12.

Under the totality of the circumstances, officers had reasonable suspicion to investigate

Here, Plaintiff was never arrested and never charged with any crime, but the police had reasonable suspicion based on the totality of the circumstances, including the call reporting Plaintiff's suspicious activity, the fact that he was apparently conducting surveillance on a secure police facility, including video recording a security gate and the private automobiles of off duty police officers entering and leaving the facility, to reasonably suspect some type of criminal activity may be afoot. Plaintiff's unwillingness to cooperate with the investigation or even simply to identify himself only heightened the officers' concerns.

Moreover, the numerous then-recent events involving outright assaults on police facilities reasonably played into the officers' concern. Plaintiff argues that Defendants fail to "show any facts that Plaintiff was in any way connected, directly or even indirectly, with any of these actions in other locations." Pl. Resp. at 3. Contrary to Plaintiff's arguments, Defendants have never claimed that Plaintiff was in fact ever linked to any actual plot to attack a police station, but as they had no idea who he was or what he was doing at the time in question, under the circumstances, such attacks were reasonably a consideration. There is effectively no difference between these officers reasonably considering, among the totality of relevant circumstances, such recent events directed toward police

facilities and the more routine case where officers consider prior events linking a particular location to frequent criminal activity, the classic "high crime area." Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (noting, "[W]e have previously noted the fact that the stop occurred in a 'high crime area' among the relevant contextual considerations in a *Terry* analysis.) (citing Adams v. Williams, 407 U.S. 143, 144, 147–148 (1972)). Under the totality of the circumstances, Defendants had reasonable suspicion to investigate Plaintiff's possible criminal conduct. As the Fifth Circuit has explained, "The 'level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause.'" United States v. Pena-Gonzalez, 618 Fed. Appx. 195, 198 (5th Cir. 2015) (quoting Navarette v. California, ——U.S.——, 134 S.Ct. 1683, 1687, 188 L.Ed.2d 680 (2014) (citation omitted)). "And the suspicion need not relate to a particular crime; it is sufficient to have reasonable suspicion 'that criminal activity may be afoot.'" Id. (quoting United States v. Pack, 612 F.3d 341, 356 (5th Cir. 2010), opinion modified on denial of reh'g, 622 F.3d 383 (5th Cir. 2010)).

Despite Plaintiff's inapposite arguments, the law was not clearly established in a particularized sense in light of the facts of this case to deny qualified immunity to Defendant Grinalds. This is not a case where a citizen pulls out a recording device in order to capture a traffic stop or an arrest in progress and gets detained or arrested for that activity, and all the cases Plaintiff cites dealing with those types of situations simply do not apply here. If anything, this case is more analogous to the Gravolet case, distinguished by the magistrate judge in the Buehler case. Pl. Resp., Ex. A at 19 (discussing Gravolet v. Tassin, No. 08-3646, 2009 WL 1565864 (E.D. La. June 2, 2009)). In the Gravolet case, the plaintiff had video taped a police office, not to record her making an arrest or a traffic stop, but instead as part of apparent efforts to stalk the officer. The plaintiff

argued that he had a right to video tape police. The court held, however, "Even assuming that the plaintiff had the 'clearly established right' to videotape Tassin while on duty, that right does not render the stalking statute inapplicable nor does a video camera immunize the plaintiff from such a charge." 2009 WL 1565864, at *3. Here, Plaintiff's camera does not immunize him from being investigated for suspicious activity under the circumstances present in this case.

During a lawful detention an officer may seek a suspect's identity; the law is not clearly established what further actions an officer may take if the suspect refuses

As presented in Grinalds's motion to dismiss, the law also was not clearly established that it was unconstitutional for the officers to continue detaining Plaintiff, who refused their proper requests for his identity, long enough for a supervisor to arrive and advise them regarding further action, or even to take Plaintiff's fingerprints or otherwise attempt to identify him.

Plaintiff's reliance on *Hill* is misplaced

For some unclear reason, Plaintiff spends pages of his response discussing a criminal case involving a charge of unlawfully possessing a firearm. See Pl. Resp. at 13-18 (repeatedly citing United States v. Hill, 752 F.3d 1029, 1034 (5th Cir. 2014)). The Hill case, however, simply has no application here. In Hill, officers, for no reason in the Court's view, seized the driver of a vehicle who was doing nothing but sitting in his car with absolutely "no reason to believe anything unusual was taking place." The Court suppressed the evidence but reasoned that the outcome may have been different if the officers had articulated any suspicious activity or had even been responding to an anonymous tip of suspicious activity. 752 F.3d 1029, 1034 (citing Alabama v. White, 496 U.S. 325, 327 (1990)). Those simply are not the facts of this case, and as Plaintiff acknowledges in his complaint, in this case a call reporting Plaintiff was made to the police. Pl. FAC at 6, ¶ 36. And

officers responding to that report found Plaintiff suspiciously recording the police station's security gate, as reported, and encountered a suspect who refused to identify himself or cooperate with the officers' lawful investigation.

Plaintiff's reliance on *Wardlow* is misplaced

Plaintiff next misquotes the Supreme Court, claiming that individuals have a blanket right to ignore the police, even when lawfully detained under the authority of Terry. Pl. Resp. at 19 (citing Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000). Wardlow, of course, says no such thing. The quoted language from Wardlow does not say that one being lawfully detained may refuse to cooperate, it merely restates the rule that during a consensual encounter, a person has the right not to cooperate with the police. Id. (quoting Florida v. Bostick, 501 U.S. 429, 437 (1991)).

No excessive force claim

Finally, Plaintiff simply fails to respond in any meaningful way to the fact that his claims of excessive force must be dismissed as being nothing more than claims of de minimis injury.

Plaintiff's Alternative Motion for Leave to Amend should be denied

Plaintiff's "Alternative Motion for Leave to Amend" should be denied. In response to Grinalds's original motion to dismiss, Plaintiff amended his complaint as a matter of right, and he was free to add allegations as he deemed necessary to survive a similar motion. Grinalds has now filed a similar motion to dismiss with regard to the amended complaint. Not only has Plaintiff now demonstrated that he has pleaded his best case and that the available facts simply do not support a viable claim against Grinalds, Plaintiff's passing reference in his response to a desire to re-plead yet again should the Court be inclined to grant Defendant Grinalds's motion to dismiss is improper and should be denied. Specifically, Plaintiff has failed to comply with this Court's local rules regarding

pleading amendments. LR 15.1. Moreover, courts in this district have held that a "party . . . is not entitled to remedy a pleading deficiency simply by seeking leave to amend in response to a motion to dismiss." Wright v. City of Dallas, Texas, 3:09-CV-1923-B, 2010 WL 3290995 (N.D. Tex. July 19, 2010) (Ramirez, M.J.) report and recommendation adopted sub nom. Wright v. City of Dalls, Tex., 3:09-CV-1923-B, 2010 WL 3291816 (N.D. Tex. Aug. 19, 2010) (Boyle, J.) (citing Spiller v. City of Tex. City Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997)). The Court explained, "When a party opposes a motion to dismiss on its merits while also asking for leave to amend should the Court deem dismissal proper, the party may not avoid the implications of his choices." Id. (internal quotation marks and citations omitted).

Conclusion and Prayer

For these reasons and for the reasons set forth in Grinalds's motion to dismiss, all claims Plaintiff s asserted in this action against Grinalds should be dismissed with prejudice. Defendant prays for all other relief to which he may be entitled.

Respectfully submitted,

Kenneth E. East
State Bar No. 00790622
FOSTER & EAST
9001 Airport Freeway, Suite 675
North Richland Hills, Texas 76180
(817) 788-1111
Fax: (817) 485-2836
ken1@airmail.net

ATTORNEY FOR DEFENDANT
OFFICER GRINALDS, Badge 3825

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I served a copy of this document on the following parties or their counsel of record:

Kervyn B. Altaffer Jr.
Law Office of Kervyn B. Altaffer Jr.
4054 McKinney Ave., Suite 310
Dallas, Texas 75204
972-234-3633
Fax 972-947-3663
kervyn@altafferlaw.com

Laetitia Coleman Brown
Senior Assistant City Attorney
laetitia.brown@fortworthtexas.gov
Office of the City Attorney
1000 Throckmorton Street
Fort Worth, Texas 76102-6311
817.392.7600
817.392.8359 Facsimile

D. Lee Thomas, Jr.
507 W. Central Avenue
Fort Worth, Texas 76164
817-625-8866
817-625-8950 fax
dlthom31@yahoo.com

Kenneth E. East