IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 9 2016

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

PHILLIP TURNER,                    §
                                   §
          Plaintiff,               §
                                   §
VS.                                §    NO. 4:15-CV-824-A
                                   §
LIEUTENANT DRIVER, ET AL.,         §
                                   §
          Defendants.              §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motions to dismiss filed in
the above-captioned action by defendants Lieutenant Driver
("Driver"), Officer Grinalds, Badge 3825 ("Grinalds"), and
Officer Dyess, Badge 2586 ("Dyess") (collectively "movants").[1]
Plaintiff, Phillip Turner, has responded.  Having considered the
motions, the response, movants' replies, the first amended
complaint, and the applicable legal authorities, the court
concludes that the motions should be granted.

_____

[1] The movants filed separate motions to dismiss plaintiff's claims.  Because the court concludes
that all movants are entitled to qualified immunity for the same reason, the court deals with all three
motions in this memorandum opinion and order.  This memorandum opinion and order does not address
plaintiff's claims against the City of Fort Worth as it did not file a motion to dismiss.

I.

Background

In summary form plaintiff made the following allegations in his first amended complaint:

Plaintiff alleged that he was arrested in violation of his First Amendment right to videotape a police station and the activity at the station, and his right to refuse to identify himself when officers from the station asked him to do so. According to plaintiff, he was conducting his videotape activity while standing on a public sidewalk across the street from the police station.  Turner and Grinalds came from the station and asked plaintiff to identify himself.  When plaintiff refused to provide identification, he was handcuffed and placed in the back of a police car.  Turner and Grinalds requested that a supervisor come to the scene, and Driver responded.  Driver also requested identification from plaintiff. Plaintiff again refused to provide identification.  Driver lectured plaintiff but eventually allowed him to leave.

Plaintiff alleged that the actions of movants in response to his conduct were in violation of his First, Fourth, and Fourteenth Amendment rights.

2

II.

## The Motions to Dismiss

Each of the motions to dismiss seeks dismissal for failure of plaintiff state a claim upon which relief may be granted against the movant.  In each instance, a ground of the motion is that the movant is entitled to qualified immunity.  Inasmuch as the court is dismissing the claims against movants on that ground, the court is not devoting attention to other grounds asserted by movants.

III.

## Pertinent Legal Principles

A.   Standards Applicable to the Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus,

3

while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

4

B.   <u>Standards Applicable to Qualified Immunity</u>

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. <u>Hunter v. Bryant</u>, 502 U.S. 224, 228 (1991); <u>Anderson</u>, 483 U.S. at 639-40. In <u>Harlow</u>, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. <u>Elder v. Holloway</u>, 510 U.S. 510, 512 (1994). If public officials of reasonable competence

5

could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for
> mistaken judgments" by protecting "all but the plainly
> incompetent or those who knowingly violate the law."
> Malley, [475 U.S.] at 343. . . . This accommodation for
> reasonable error exists because "officials should not err

always on the side of caution" because they fear being sued.
. . .

502 U.S. at 229.

When a defendant relies on qualified immunity, the burden is
on the plaintiff to negate the defense. <u>Kovacic v. Villarreal</u>,
628 F.3d 209, 211 (5th Cir. 2010); <u>Foster v. City of Lake
Jackson</u>, 28 F.3d 425, 428 (5th Cir. 1994).

IV.

<u>Application of Law to Facts</u>

Movants assert that they are entitled to qualified immunity
from plaintiff's claims. Doc.[2] 17 at 8-9; Doc. 19 at 6-8; & Doc.
20 at 8-9.  Thus, the burden falls on plaintiff to show that
movants have violated a clearly established statutory or
constitutional right of plaintiff, and that movants took action
that was objectively unreasonable. <u>See</u> <u>Harlow</u>, 457 U.S. at 818;
<u>Kovacic</u>, 628 F.3d at 211.  Plaintiff's claims are based on an
asserted violation of plaintiff's First Amendment right to
videotape the police station and the activities there and an
asserted violation of his Fourth Amendment rights after he
refused to identify himself.

---

[2]  The "Doc. _" references are to the numbers assigned to the referenced documents on the
docket of this case, No. 4:15-CV-824-A.

The Supreme Court and Fifth Circuit have not addressed whether or not there is a First Amendment right to videotape police activities. Circuit courts that have addressed the issue in different contexts are split as to whether or not there is a clearly established First Amendment right to record the public activities of police. Compare Gericke v. Begin, 753 F.3d 1, 9 (1st Cir. 2014) (holding that there can be a First Amendment right to film a police officer making a traffic stop), and Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000) (holding that there is a First Amendment right to videotape police activity, subject to reasonable time, manner and place restrictions), with Kelly v. Borough of Carlisle, 622 F.3d 248, 262-63 (3d Cir. 2010) (holding that a First Amendment right to videotape police officers during a traffic stop was not clearly established), and Szymecki v. Houck, 353 Fed. App'x 852 (4th Cir. 2010) (agreeing with a lower court that there was qualified immunity because the asserted right to record police activities on public property was not clearly established in the Fourth Circuit).

An official is entitled to qualified immunity unless preexisting law makes apparent the unlawfulness of the official's conduct. See Anderson, 483 U.S. at 640. There is nothing in the case law to suggest that police officers are constitutionally

8

prohibited from making reasonable inquiry, and taking reasonable steps, to identify an unknown person who is seen videotaping their place of work and the place where they come and go in their private vehicles.  In this day and age, the risk to public officials, particularly police officers, is such that a police officer could reasonably believe that he had the right to require plaintiff to identify himself after plaintiff was observed videotaping the police station and to take appropriate action in response to plaintiff's refusal to identify himself.

When the unique facts of this case, as alleged by plaintiff, are considered, all movants enjoy qualified immunity for the actions they took in response to plaintiff's conduct.  Plaintiff has not carried his burden to show that movants are not entitled to qualified immunity as to the claims plaintiff is making against them.  He has not demonstrated that any of the actions of movants violated any clearly established statutory or constitutional right of plaintiff or that any action taken by any of the movants was objectively unreasonable.

                              *  *  *  *  *

Tucked near the end of plaintiff's response is an alternative request that, if the court determines to grant all or part of movants' motions, the court give plaintiff leave to conduct discovery as to qualified immunity and "to amend his

9

lawsuit in accordance with what the discovery reveals and in accordance with findings of the Court." Doc. 15 at 22, § II. Nothing in the title of the responsive document discloses that any such request or motion is contained therein. Thus, plaintiff's request is made in violation of Rule LR 5.1(c) of the Local Civil Rules of this court, which requires that any filed document "must clearly identify each included pleading, motion, or other paper in its title."

The court further notes that it is the duty of the plaintiff, not the court, to evaluate the need for him to file an amended complaint after he receives and reviews motions to dismiss such as those filed by movants. Particularly is that the case here since plaintiff already has filed an amended complaint in response to earlier motions of movants to dismiss. Docs. 6, 7, 11, and 15.

For the reasons stated, the court is denying the request made by plaintiff on page 22 of plaintiff's response.

V.

Order

Therefore,

The court ORDERS that the motions to dismiss of Driver, Grinalds, and Dyess, be, and are hereby, granted, and that

plaintiff's claims against those defendants be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Driver, Grinalds, and Dyess.

The court further ORDERS that from this point forward City of Fort Worth is the only defendant in this action and that the style of this action shall be "Phillip Turner, Plaintiff, v. City of Fort Worth, Defendant."

SIGNED February 19, 2016.

_____
JOHN McBRYDE
United States District Judge

11