UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **PHILLIP TURNER** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:15-cv-824 −A |
| **LIEUTENANT DRIVER,** | § | |
| **OFFICER GRINALDS, Badge 3825,** | § | |
| **OFFICER DYESS, Badge 2586,** | § | |
| **Defendants** | § | |

## JOINT STATUS REPORT

TO THE HONORABLE JOHN H. McBRYDE, UNITED STATES DISTRICT JUDGE:

Plaintiff, Phillip Turner, individually, and Defendant, City of Fort Worth, submit the following Joint Status Report and Proposed Discovery Plan pursuant to the Court's Order issued February 19, 2016 and state as follows:

**(1) A BRIEF STATEMENT OF THE NATURE OF THE CASE, INCLUDING THE CONTENTIONS OF THE PARTIES**

**Plaintiff's Contentions:**

In summary (see Plaintiff's First Amended Complaint for all contentions), Plaintiff alleges Defendant acted with unconstitutionally deliberate indifference:
  a.   in failing to formulate policies and procedures of providing for First Amendment rights or, if such policies and procedures existed, in failing to follow and enforce them;
  b.   in chilling Mr. Turner's First Amendment Rights by custom allowing officers to illegally detain, handcuff and arrest individuals for their expressive conduct in videotaping police undertaking their official duties; or
  c.   in failing to properly train and supervise officers who engage in such conduct.
Defendant Fort Worth should have either (a) established policies and procedures for its Police Department in line with the established law (1) as to whether a person can be detained or arrested for failure to provide his identification in accordance with Texas law and (2) whether a person can be detained or arrested merely for filming police activity or (b) should have prevented a custom from existing in which officers did not follow such policies, if they existed.

**Defendant's Contentions:**

Defendant City generally denies all allegations against it. Defendant City further states that 1) Plaintiff has failed to state a clam upon which relief may be granted; 2) Defendant City violated no duty owed to Plaintiff; 3) To the extent that Plaintiff seeks exemplary damages under common law from the City, such damages are not allowed for under common law as a municipality is immune from exemplary damages; 4) Defendant City states its intention to rely on the doctrine of

1

governmental immunity in this matter and would show that the causes of action alleged against Defendant City are barred, in whole or in part, by the doctrine of governmental immunity; 5) The City is immune from liability and from paying attorney's fees under common law; 6) The City cannot be held vicariously liable as a matter of law for any negligent and/or grossly negligent acts of its police officers and/or employees; 7) Defendant City states its intention to rely on the Texas Constitution and to further rely on each and every provision of the Texas Tort Claims Act in this matter; 8) Defendant City cannot be held liable under the theory of *respondeat superior* for any of Plaintiff's federal law claims; 9) Defendant City incorporates by reference and states its intention to rely on all provisions of Chapter 33 of the Texas Civil Practice and Remedies Code in this matter, and would specifically show that, in the unlikely event any party is awarded damages against Defendant City for state claims in this cause, any such award must be reduced in accordance with the provisions of such Chapter.

**(2)   ANY CHALLENGE TO JURISDICTION OR VENUE**

None.

**(3)   ANY PENDING MOTIONS**

None at this time.

**(4)   ANY MATTERS THAT REQUIRE CONFERENCE WITH THE COURT**

None at this time.

**(5)   LIKELIHOOD THAT OTHER PARTIES WILL BE JOINED, IDENTITIES OF POTENTIAL PARTIES AND AN ESTIMATE OF THE TIME NEEDED FOR JOINDER OF SUCH PARTIES**

The parties do not anticipate additional parties will be joined.

**(6)   REQUESTED TRIAL DATE, ESTIMATED LENGTH OF TRIAL, AND WHETHER JURY HAS BEEN DEMANDED**

Requested Trial Date: March 6, 2017
Estimated Length of Trial: Two days.
Plaintiff has made a jury demand.

**(7)   A REPORT CONCERNING THE SETTLEMENT CONFERENCE AND RELATED SETTLEMENT MATTERS**

(a)   The parties conducted a face-to-face settlement conference of the type contemplated by the Court's Order on March 7, 2016 in Fort Worth, Texas.

(b)   The following persons were present:

For Plaintiff:

Plaintiff: Phillip Turner
Kervyn B. Altaffer, Jr., Attorney at Law, Lead Attorney for Plaintiff

For Defendant City of Fort Worth:

Sophia Canady, Senior Risk Management Analyst
Laetitia Coleman Brown, Attorney for City of Fort Worth

(c)   Status of Settlement Negotiations:

The parties negotiated in good faith and did not reach an agreement. The parties agree to reconsider settlement after completion of discovery.

(d)   Mediation

The parties agree that mediation is premature at this time and will consider mediation after the completion of discovery.

**(8)   A DISCOVERY PLAN AS CONTEMPLATED BY RULE 26(F)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The attorneys for the Parties conducted a face-to-face Rule 26(f) conference of the type contemplated by the Court's Order and the Federal rules of Civil Procedure on March 7, 2016 in Fort Worth, Texas.

(A)   CHANGES IN TIMING, FORM OR REQUIREMENT FOR DISCLOSURES UNDER FED.R. CIV. P. 26(a) OR ANY LOCAL RULE:

Pursuant to Rule 26(a), FED.R.CIV.P., the parties stipulate and agree to exchange initial disclosures on March 25, 2016 (in lieu of 14 days specified in Rule 26(a) (C)).

(B)   SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR BE LIMITED OR FOCUSED ON PARTICULAR ISSUE(S):

Discovery will be conducted by the parties as to relevant issues, facts, claims, and defenses.

The Parties agree and suggest that Plaintiff's expert disclosures should be made on or before September 1, 2016, and that Defendant's expert disclosures should be made on or before October 1, 2016.

The Parties agree and suggest that discovery should be completed by January 6, 2017.

The Parties do not believe that discovery should be conducted in phases or limited or focused on any particular issues.

(C) ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION & FORM IN WHICH IT SHOULD BE PRODUCED:

    None at this time.

(D) ISSUES REGARDING PRIVILEGE OR PROTECTION OF INFORMATION AS TRIAL-PREPARATION MATERIALS AND IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION OR TO ASK THE COURT TO INCLUDE AGREEMENT IN AN ORDER:

    The parties agree to refrain from asserting waivers of privilege with regard to inadvertent disclosures concerning documents subsequently claimed as privileged; however, the Parties agree that the procedures set forth in Rule 26(b)(5)(B) should be followed in the event of inadvertent disclosure so that parties may assert any other arguments against invocation of privilege.

(E) CHANGES TO LIMITATIONS ON DISCOVERY AND OTHER LIMITATIONS TO BE IMPOSED:

The parties are not aware of needed changes at this time.

(F) ORDERS TO BE ENTERED BY THE COURT UNDER FED. R. CIV. P. 26(c) AND FED. R. CIV. P. 16(b) AND (c):

The parties are not aware of needed changes at this time.

(9) **ANY OTHER MATTERS RELEVANT TO THE STATUS AND DISPOSITION OF THIS CASE**

    Plaintiff will be filing an appeal of the Court's Order dismissing the individual defendants. The Plaintiff intends to file a motion to stay the suit pending the appeal. The City has indicated that it will oppose the motion.

Respectfully submitted this 17th day of March 2016,

By: _____
Kervyn B. Altaffer Jr.
Texas Bar No. 01116575
Email: kervyn@altafferlaw.com

Altaffer & Chen PLLC
4045 McKinney Ave Ste 310
Dallas, Texas 75204
Tel: 972.234.3633
Fax: 972.947.3663

**Attorney for Plaintiff**

4

Respectfully submitted,


Laetitia Coleman Brown
Senior Assistant City Attorney
State Bar No. 00792417
laetitia.brown@fortworthtexas.gov

Victoria D. Honey
Assistant City Attorney
State Bar No. 24073195
victoria.honey@fortworthtexas.gov

Office of the City Attorney
1000 Throckmorton Street
Fort Worth, Texas 76102-6311
817.392.7600
817.392.8359 Facsimile

*Attorneys for Defendant City of Fort Worth*

## CERTIFICATE OF SERVICE

Counsel for Defendant City of Fort Worth has been served with a copy of the foregoing by hand delivery on March 17, 2016.

Kervyn B. Altaffer Jr.