ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 30 2016
12:31 pm

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

| | |
|---|---|
| PHILLIP TURNER<br>Plaintiff,<br><br>v.<br><br>LIEUTENANT DRIVER,<br>OFFICER GRINALDS, Badge 3825,<br>OFFICER DYESS, Badge 2586,<br>Defendants. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 4:15-cv-00824-A<br>§<br>§<br>§<br>§<br>§ |

### AGREED MOTION TO STAY PROCEEDINGS PENDING APPEAL OF ORDER OF DISMISSAL OF CERTAIN DEFENDANTS

To The Honorable Judge Of This Court:

The Parties, Plaintiff, Phillip Turner, and Defendant, City of Fort Worth, hereby file their *Agreed Motion To Stay Proceedings Pending Appeal Of Order Of Dismissal Of Certain Defendants And Brief In Support* and show the court as follows:

### I. SUMMARY OF GROUNDS AND STATUS OF CASE

1. The Parties file this agreed motion pursuant to Fed. App. Rule of Procedure 8 (a) (1) (A) for a stay of the proceedings in the District Court on the basis that a stay would be in the interest of equity and judicial economy.

2. This is a civil rights case under the First and Fourth Amendments of the United States Constitution filed pursuant to 42 U.S.C. §1983.

3. The original parties included three individual Fort Worth police officers as defendants, and the case was then amended to include the City of Fort Worth as a defendant. On February 19, 2016, the Court granted the motions to dismiss filed by the three individual Defendant police

1

officers and entered the *Order Rendering Final Judgment As To Certain Defendants* (February 19, 2016 – [Document 30]). This left the City of Fort Worth as the sole remaining Defendant.

4. On March 18, 2016, Plaintiff filed a *Notice of Appeal* of the dismissal of the individual defendants. [Document 34]

5. Meanwhile the Court has entered a Scheduling Order and the Parties have exchanged initial disclosures.

6. The claims of Plaintiff against the dismissed individual defendants and against the City of Fort Worth are intertwined and based upon most of the same facts and witnesses.

7. Future discovery will include at a minimum written discovery between Plaintiff and the City of Fort Worth and deposing the dismissed individual defendants, Plaintiff, and at least one representative of the City of Fort Worth. Further any additional witnesses' testimony would also likely be relevant to Plaintiff's claims against the individual defendants as well as against the City of Fort Worth.

8. If the Court of Appeals rules in favor of Plaintiff in his appeal, then all the depositions would likely have to be retaken once the dismissed individual defendants are parties again and the written discovery would likely have to be redone.

9. Plaintiff is of limited financial means and equity and judicial economy are clearly in favor of staying the case against the City of Fort Worth until it is finally determined whether Plaintiff will have a case against the dismissed individual police officers.

## II. AGREEMENT

10. The Parties agree that a stay would be in the interest of equity, in the best interest of all parties and in the interest of judicial economy.

11. The Parties agree that, if the Court enters an order staying the case, and the Fifth Circuit Court of Appeals rules against Plaintiff in his appeal of the *Order Rendering Final Judgment As To Certain Defendants* (February 19, 2016) and upholds the complete dismissal of the individual defendants, in such event Plaintiff will dismiss all his claims filed against the City of Fort Worth with prejudice and the parties will bear their own attorney's fees and costs.

### III. CONCLUSION AND PRAYER

Wherefore, Plaintiff, Phillip Turner, and Defendant, the City of Fort Worth, pray that the Court stay this case in its entirety pending the appeal by Plaintiff of the *Order Rendering Final Judgment As To Certain Defendants*, and, if the Fifth Circuit rules against Plaintiff in his appeal and upholds the dismissal in full, that all claims of Plaintiff against the City of Fort Worth will be dismissed by agreement, with costs and fees to the Parties incurring the same, and, if the Fifth Circuit does not uphold the dismissal in full but instead rules in favor of Plaintiff, either in whole or in part, and remands any portion of the case against the individual police officer defendants back to this Court, that the Court lift the stay.

Dated March 29, 2016.

BY: /s/ Kervyn B. Altaffer
Kervyn B. Altaffer, Jr.
State Bar No. 01116575

ALTAFFER & CHEN PLLC
4054 McKinney Ave., Ste. 310
Dallas, TX 75204
Tel (972) 234-3633
Fax (972) 947-3663
kervyn@altafferlaw.com

Attorney for Plaintiff Phillip Turner

BY: /s/ Laetitia Coleman Brown
Laetitia Coleman Brown
Senior Assistant City Attorney
State Bar No. 00792417
laetitia.brown@fortworthtexas.gov

Victoria D. Honey
Assistant City Attorney
State Bar No. 24073195
victoria.honey@fortworthtexas.gov

Office of the City Attorney
1000 Throckmorton Street
Fort Worth, Texas 76102-6311
817.392.7600
817.392.8359 Facsimile

Attorneys for Defendant City of Fort Worth

## CERTIFICATE OF SERVICE

Counsel for Defendant City of Fort Worth has been served with a copy of the foregoing.

BY: /s/ Kervyn B. Altaffer, Jr.
Kervyn B. Altaffer, Jr.

4