U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 13 2017

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PHILLIP TURNER,                      §
                                     §
          Plaintiff,                 §
                                     §
VS.                                  §   NO. 4:15-CV-824-A
                                     §
LIEUTENANT DRIVER, ET AL.,           §
                                     §
          Defendants.                §

ORDER SETTING SCHEDULE
AND PROVIDING SPECIAL PRETRIAL INSTRUCTIONS

Now that the United States Court of Appeals for the Fifth
Circuit has issued its mandate in reference to its (1) affirmance
of this court's judgment of dismissal of all claims asserted by
plaintiff, Phillip Turner, against defendant Lieutenant Driver
("Driver"), and (2) dismissal of all claims of plaintiff against
defendants Officer Grinalds ("Grinalds") and Officer Dyess
("Dyess") except plaintiff's Fourth Amendment claim for unlawful
arrest,

The court ORDERS that:

(1)    The style of this action be, and is hereby, changed
       from this point forward to "Phillip Turner, Plaintiff,
       vs. City of Fort Worth, Officer Grinalds, and Officer
       Dyess, Defendants," and that Driver is no longer a
       party to this action;

(2)    The only claims remaining in this action to be dealt
       with in future proceedings are the claims plaintiff has
       alleged in his first amended complaint against City of
       Fort Worth and the Fourth Amendment claims for unlawful
       arrest that plaintiff alleged in his first amended
       complaint against Grinalds and Dyess; and

(3)    From this point forward, the pretrial activities of the
       parties are to be limited to the remaining claims as
       described in (2) above.

The court further ORDERS that Grinalds and Dyess file their
answers to plaintiff's first amended complaint by March 20, 2017.

Because of the issuance by the court on March 30, 2016, of
an order staying all proceedings in this matter until further
order of the court, the court is required at this time to issue
an amended order setting schedule and reinstating or amending
special pretrial instructions given in the order issued March 17,
2016.  Therefore,

The court ORDERS that:

1.  Any motion for summary judgment shall be filed at least
sixty (60) days prior to the scheduled pretrial conference date.
A motion for summary judgment will be filed separately and will
not include any other motion.  A motion for continuance pursuant

to Fed. R. Civ. P. 56(d) will be filed separately and will not be included in a summary judgment response or any other document.

2.   Any motion for leave to amend pleadings must be filed by March 23, 2017.

3.   All discovery must be initiated in time to allow completion of discovery by May 5, 2017.   After that date, no discovery may be conducted and no discovery motion, other than a motion under Fed. R. Civ. P. 37(d), may be filed without an order extending the discovery deadline upon a showing of good cause.

4.   Any motion, other than the motions described in items 1-3 above and motions in limine, shall be filed at least sixty (60) days prior to the scheduled pretrial conference date.

5.   A pretrial order in compliance with the attached special pretrial instructions shall be presented to the Court by 12:00 o'clock noon three (3) business days prior to the pretrial conference, which is hereby set for 9:30 a.m. on June 19, 2017, Room 401, U.S. Courthouse, Fort Worth, Texas.   Any motions that have not been previously disposed of will be heard at the pretrial conference, as appropriate.

6.   This case is set for a jury trial the week of July 17, 2017, with docket call at 9:00 a.m. on that date.

7.   No later than Monday one week prior to the scheduled trial date each party shall file with the Clerk (i) a witness

3

list, (ii) an exhibit list, (iii) an agreed summary, accompanied by appropriate page and line references, of portions of each deposition, other than portions to be offered by video, to be offered at trial, and (iv), if set for non-jury trial, proposed findings of fact and conclusions of law, or, if set for jury trial, a proposed jury charge and verdict form.

8.   The parties shall not file depositions or exhibits prior to trial, but shall have the originals and one copy thereof available immediately prior to trial.  Each exhibit that will be offered at trial shall bear the case number of this action in addition to the exhibit number and identity of offering party.

9.   The witness list contemplated by paragraph 7 above will be accompanied, when it is filed, by a statement as to each witness of each subject matter upon which the witness will be asked to testify.  The witness list will include two columns, one bearing the heading "Sworn" and the other bearing the heading "Testified" so that the court can keep track of the witnesses at trial.

10.   The exhibit list contemplated by paragraph 7 above shall be accompanied, when it is filed, by a statement signed by counsel for each party, other than the party who will be offering the exhibit, stating as to each exhibit shown on the list either that the parties agree to the admissibility of the exhibit or the

4

nature and legal basis of any objection that will be made to the admissibility of the exhibit and the identity of the party or parties who will be urging the objection. All parties are required to cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. The party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit he proposes to offer. No exhibit will be offered at the trial of this case unless such a statement has been timely filed as to the exhibit. The exhibit list will include two columns, one bearing the heading "Offered" and the other bearing the heading "Admitted."

11. No party will adopt any motion or pleading filed by any other party; and, the court will not entertain a motion to adopt. No party is permitted to adopt as, or in, the party's witness list or exhibit list all or any part of the witness list or exhibit list of another party.

12. All deposition testimony to be offered at trial shall be offered in summary, rather than question and answer, form. The offering party shall be responsible to obtain agreement of counsel for all other parties to the accuracy of the proposed summary. Agreement of counsel as to proposed summaries shall be

reached before the agreed summaries are filed, as required by paragraph 7 above.

13.   If there is a possibility that a party will use at trial any video or audio recording, other than a videotaped deposition, or any transcript of such a recording, such party shall notify the court of that fact no later than April 28, 2017, by the filing of a document advising of such possible use and describing each such item the party might use at trial.

14.   Not more than fifteen minutes of videotaped deposition testimony will be offered by any party from any deposition. Counsel shall reach agreement in advance of trial as to any objections related to testimony to be offered by videotape or, if agreement cannot be reached, shall present the disagreement to the court for resolution at least two weeks prior to the scheduled trial date.   If less than an entire videotaped deposition is offered, it will be offered by means of an appropriately edited tape to which all parties have agreed.

15.   Each party shall designate experts by filing a written designation including the name, address, and telephone number of each expert who may be called to testify and make the disclosures required by Fed. R. Civ. P. 26(a)(2) by serving the required written reports at least 60 days before the pretrial conference date.

6

16.  At least ten (10) days before the pretrial conference and again at least fourteen (14) days prior to trial, the parties and their respective lead counsel shall meet face-to-face to discuss settlement of this action.  Individual parties and their counsel shall participate in person, not by telephone or other remote means.  All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against the party in this action, a representative of each insurance company providing such coverage who has full authority to offer to pay policy limits in settlement shall be present at, and participate in, the settlement conference in person, not by telephone or other remote means.  The court expects the parties to comply with the requirements of Local Civil Rule 16.3 that the parties make a good faith effort to settle.  Within three (3) business days after each such settlement conference, the parties shall jointly prepare and file a written report, which shall be signed by all counsel for each party, detailing the date on which the settlement conference was held, the persons present, including the capacity of any representative present, a statement regarding whether meaningful progress toward settlement was made,

7

and a statement regarding the prospects of settlement.
Plaintiff's counsel is responsible for initiating the settlement
conference and for filing the written report.  All counsel must
participate in the settlement conference and shall sign the
written report.

17.  This case is not exempt from the requirements for
scheduling orders, pretrial orders or any other orders of the
court.

18.  No process shall be served upon any person in
attendance at any conference held pursuant to the requirements of
this order.

19.  Strict compliance with the terms of this order is
required.  Should any party or counsel fail to cooperate in doing
anything required by this order to be done, such party or counsel
or both will be subject to sanctions, including dismissal or
entry of default without further notice.  See Fed. R. Civ. P.
16(f).

SIGNED March 13, 2017.

JOHN MCBRYDE
United States District Judge

8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

SPECIAL PRETRIAL INSTRUCTIONS

1.    An original Pretrial Order and one copy thereof shall be delivered to Chambers by 12:00 o'clock noon three (3) business days prior to the scheduled pretrial conference.

2.    At least seven business days prior to the scheduled pretrial conference, counsel for all parties and all pro se parties shall confer in person with each other for the purpose of preparing a Pretrial Order.  During this conference, counsel and pro se parties shall (1) exchange drafts of the language that each party proposes to include in the Pretrial Order, (2) eliminate from the lawsuit any issue that appears in the pleadings but about which there is no controversy, (3) agree on all possible stipulated facts and on all controverted issues of fact and law, and (4) otherwise discuss the preparation of the final Pretrial Order.

3.    All counsel and pro se parties are jointly responsible for preparation of the entire Pretrial Order; however, plaintiff's counsel and pro se plaintiffs, if any, are responsible for typing, collating, and otherwise preparing the final document for presentation to the Court.

4.    The Pretrial Order must set forth:

(a)   a concise statement of any pending jurisdictional issues;
(b)   a list of all pending motions;
(c)   a full and complete statement of plaintiff's claims, with specificity;
(d)   a full and complete statement of each defendant's claims, with specificity;
(e)   a full and complete statement of the claims of any other parties, with specificity;
(f)   a list of the facts established by pleadings, by stipulations, or by admissions;
(g)   an agreed list of the ultimate issues of fact to be decided by the fact finder (court or jury) as to each

theory of recovery or for affirmative relief and each
affirmative defense;
(h)  an agreed list of the contested issues of law;
(i)  a list of each party's expert witnesses and a summary
     of the opinions to be given by each expert;
(j)  a list of additional matters that would aid in the
     disposition of the case;
(k)  an estimate of the length of trial;
(l)  a statement that the case is jury or non-jury;
(m)  the signature of the lead attorney for each party; and
(n)  a place for the date and the signature of the Court,
     which shall be preceded by text on the same page.


All of the matters set forth above shall be contained within the
body of the pretrial order and none shall be attached thereto as
exhibits or attachments.  All of the contested and ultimate
issues shall be agreed upon and there will not be separate lists
of ultimate or contested issues submitted by each party.

     5.   Counsel for all parties and all pro se parties are
instructed to cooperate fully in the discovery process and to
make all reasonable discovery available on a timely basis to the
requesting party.  Excessive discovery or resistance to
reasonable discovery will not be tolerated by this Court.
Throughout the discovery process, counsel must observe the
standards of litigation conduct for attorneys appearing in civil
actions in the Northern District of Texas, adopted by the judges
of this District, sitting en banc, in Dondi Properties Corp. v.
Commerce Savings and Loan Ass'n, 121 F.R.D. 284 (N.D. Tex. 1988).
Unnecessary discovery or unreasonable delay may subject the
infracting party to sanctions and the payment of costs.  See
Thomas v. Capital Sec. Serv., Inc., 836 F.2d 866 (5th Cir. 1988)
(en banc).

     6.   Lead counsel for each party and each pro se party shall
be present at the pretrial conference and shall have access, by
telephone or otherwise, to the individual(s) he or she represents
or to a person authorized to make decisions regarding the matter
before the court on behalf of any corporate or other entity a
party to the action.

     7.   Each attorney and each pro se party should retain a
copy of the Pretrial Order submitted to the Court.  The Clerk
will not provide copies of the signed Pretrial Order.

2